JOHN H. STIMSON & another *vs.* CONNECTICUT RIVER RAIL-
ROAD COMPANY.

A railroad company is not liable, to either owner or agent, on its ordinary contract of trans-
portation of a passenger, for losing a valise delivered into its charge as his personal
luggage, but which contained only samples of merchandise, and, with its contents, was
owned by a trader whose travelling agent he was to sell such goods by sample; nor in
tort, for the loss, without proof of gross negligence.

The mere failure by a railroad company to deliver at B., on its road, luggage of a passenger
who delivered it to a connecting railroad at N. is not evidence of negligence on the part
of the latter, which sold to the passenger at N. the tickets to transport him over both
roads to B. and checked his luggage accordingly.

CONTRACT, with a count in tort, for the value of a valise and
samples of merchandise contained in it, all of the property of
the plaintiffs, who were wholesale dealers in fancy goods at
Boston.

At the trial in the superior court, before *Rockwell*, J., there
was evidence that the plaintiffs intrusted the valise and its con-
tents to Samuel F. Edwards, their travelling agent to sell goods
by sample, who, on September 12, 1866, while engaged in that
business, bought at Northampton a ticket for Boston from the
defendant corporation, whose road connected at Springfield with
the Western Railroad, which at Worcester connected with the
Boston & Worcester Railroad; that he delivered to the bag-
gage master at Northampton, and received checks therefor, at
the time he took passage on the defendants' train, three valises,
two of them containing his clothing, the third the valise in
question; that he arrived at Boston at midnight, by way of the
defendants' railroad and the two others above named, and the
next morning sent a porter with the checks to the station in
Boston of the Boston & Worcester Railroad, where the two
valises containing the clothing were delivered, but the third
valise could not be found, nor has been found since. And it
further appeared that Edwards had been engaged in that kind
of business in New England for two years, during which he had
passed over the defendants' railroad, and many others, several
times. This was all the evidence in the case.

The plaintiffs offered to prove " that it was a general custom, in all branches of trade, of merchants or their agents, to travel and sell goods by samples, and to carry with them valises or trunks containing samples, and receive checks for the same in the same manner as for ordinary baggage ; " and also to show " a general custom of railroads, and of the defendant corporation in particular, to receive and check for the same in the same manner as ordinary baggage." But the judge rejected this evidence, and ruled that the defendants were not liable in contract to the plaintiffs for loss either of the valise or samples, but might be liable for gross negligence ; and also ruled that there was no evidence upon which the jury could render a verdict for the plaintiffs on that ground, and directed a verdict for the defendants. The plaintiffs alleged exceptions.

*C. S. Lincoln*, for the plaintiffs.

*A. A. Ranney*, for the defendants.

HOAR, J. The defendants had no contract with the plaintiffs. Their contract was with Edwards, the plaintiffs' agent ; and it was a strictly personal contract, for his safe transportation over the railroads, to which the carriage of suitable personal baggage was merely incidental. Edwards had no right to transport merchandise under cover of his personal baggage ; much less could he take merchandise in that manner which belonged to other persons, and thereby give them the rights of a contracting party against the defendants. *Jordan* v. *Fall River Railroad Co.* 5 Cush. 69. *Collins* v. *Boston & Maine Railroad*, 10 Cush. 506. *Hawkins* v. *Hoffman*, 6 Hill, 586. The count upon a contract therefore cannot be supported.

Upon the count in tort, the burden of proof was upon the plaintiffs to show the gross negligence upon which their cause of action depended. The party charging negligence must prove it, and no evidence of it was offered. The failure to deliver the valise in Boston was not evidence of negligence, because there was nothing to show that this failure was the consequence of any thing done or omitted on the defendants' railroad.

*Exceptions overruled.*