## The Southern Kansas Railway Company v. B. C. Clark *et al.*

COMMON CARRIER — *Liability for Merchandise Shipped as Agent's Baggage.* A railroad company is not bound, as a part of its contract for the transportation of a traveler who is employed as a traveling salesman for a trading firm, to carry, as his personal baggage, a case of sample merchandise belonging to his employers; and where it receives and checks such case, without knowledge of its contents or ownership, a part of which is afterward stolen from its baggage room, without negligence on the part of the company, it is not liable to the owners for the value thereof.

*Error from Butler District Court.*

ACTION by *Clark* and others against the *Railway Company*
to recover for loss of merchandise.    Judgment for plaintiffs,
July 16, 1889.    The defendant brings the case to this court.
The facts are stated in the opinion.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error:

The articles lost were not personal baggage ; the agent who
checked the same at Kansas City was not informed of the
contents of the case; the articles were not accepted and for-
warded as a part of the baggage of plaintiff; and, therefore,
the defendant is not liable.

It was formerly held that common carriers were not re-
sponsible for the baggage of passengers unless a distinct price
was paid for its carriage; but it is now settled, that where a
carrier contracts for the carriage of a passenger, either ex-
pressly or by receiving him as a passenger, the carriage of
his reasonable or ordinary baggage is regarded as also being
undertaken as incident to the principal contract.    Hutch.
Car. (2d ed.), § 678.

The articles stolen from the sample case were not in any
sense baggage.    Hutch. Car. (2d ed.), §§ 685, 685*a; Gurney
v. Grand Trunk Rly. Co.,* 14 N. Y. Sup. 321; *Metz v. Cal.
So. Rly. Co.,* 24 Pac. Rep. 610.

See, also, *Humphreys v. Perry,* 148 U. S. 627; *Blumenthal
v. Maine Cent. Rld. Co.,* 11 Atl. Rep. 605.

A passenger must claim his baggage as soon as possible;
otherwise, the defendant will only be liable as a gratuitous
bailee.  See Hutch. Car. (2d ed.), §§ 707–710; *Laffrey v. Grum-
mond,* 41 N. W. Rep. 894.

· The samples were not baggage, because they were not the
property of the passenger.  See *Alton v. Midland Rld. Co.,* 19
C. B. (N. S.) 213; *Fairmount Rld. Co. v. Stutler,* 54 Pa. St.
375; 1 Shear. & Redf. Neg. (4th ed.), § 116; *Heaven v. Pen-
der,* L. R., 11 Q. B. Div. 503; *Hays v. Borders,* 6 Ill. 46;
*McKay v. Bryson,* 5 Ired. (N. C.) 216; *Stout v. Moody,* 63

N. C. 67.   There was no contract relation between the railroad company and Clark & Co., and therefore no ground upon which they could hold the railroad company liable for the loss of the articles. Hutch. Car. (2d ed.), § 701; *Metz v. Cal. So. Rly. Co.*, 24 Pac. Rep. 610; *Stimson v. Conn. River Rld. Co.*, 98 Mass. 83, 84; *Alling v. Railroad Co.*, 126 id. 121.

The opinion of the court was delivered by

ALLEN, J.: This action was commenced before a justice of the peace of Cowley county, where a judgment was rendered in favor of the defendant for costs.   Plaintiffs appealed to the district court, from which a change of venue was taken, because the judge of that court had been of counsel in the case, to Butler county, where the case was tried, and a judgment rendered in favor of the plaintiffs for $136.79.   The railroad company brings the case here for review.

By leave of the court, the plaintiffs filed an amended bill of particulars in the Butler county district court, in which they alleged, in substance, that they were partners as wholesale dealers in crockery, table and pocket cutlery, and other wares; that the defendant was a railroad corporation, engaged in the business of transporting passengers and freight for hire as common carriers; that plaintiffs had in their employ, as a traveling salesman, one E. H. Bliss; that on the 24th day of December, 1884, said Bliss, in the regular course of his employment, purchased from the defendant, with the money of the plaintiffs, a first-class passenger ticket from Kansas City to Winfield, Kas.; that said Bliss carried with him a sample roll of cutlery, the property of the plaintiffs, and which was used by him in the prosecution of his business as a traveling salesman for the plaintiffs; that at the time of purchasing said ticket he delivered said sample roll of cutlery to the defendant, to be carried from Kansas City to Winfield, taking a check for the same in the usual way; that the defendant failed and neglected to deliver said roll of cutlery at its place of destination, and they asked judgment for the value thereof.   It appears from the testimony that Bliss purchased

a ticket at Kansas City on the night of the 23d of December, 1884. The property in controversy had been checked from Leavenworth to Kansas City, and Bliss had it rechecked at the union depot to Winfield. Bliss purchased his ticket with moneys of the plaintiffs. The case containing the roll of cutlery was checked as ordinary baggage, no extra compensation being paid for its transportation, nor was anything said at the time it was checked as to whose property it was. Bliss arrived in Winfield about nine o'clock on the morning of the 24th, and went directly to his home, without calling for the roll of cutlery. On the morning of the 25th he went to the defendant's depot, where he found that the roll of pocket cutlery had been taken from his sample case. Plaintiff in error has filed a brief calling the attention of the court to several questions arising on the record. Defendants in error have not furnished us with any brief, nor made any oral argument. We can therefore determine their position only from the pleadings and evidence offered in support thereof.

The first question presented by the plaintiff in error is, whether the railroad company sustained the relation of a common carrier to the plaintiffs, and is therefore liable for the loss of baggage stolen, without any claim of negligence on its part. It appears in this case that the baggage room at the depot in Winfield was broken into on the night of December 24, and this roll of cutlery and other property, some of it belonging to the baggage master, was stolen. Personal baggage limited in quantity is usually transported by carriers of passengers as an incident to the transportation of the person, without extra charge. The contract to transport a passenger is usually a personal contract. If injury results to his person, or his personal effects, transported as baggage, there can be no doubt that the railroad company is liable to him, and him alone, when occurring under such circumstances as to create liability. The fact that he is engaged in the service of another at the time, and that his transportation is paid for by his employer, cannot diminish his individual right to safe transportation. We fail to perceive that the facts that his fare is paid for by

26 — 52 KAS.

his employer, and that the occasion for his making the journey is the prosecution of the business of his employer, in any manner affect the contract with, or liability of, the railroad company. It does not appear in this case that, at the time he purchased his ticket, anything was said with reference to his employment, nor that, at the time he checked his baggage, any mention was made of the fact that the samples he carried belonged to the plaintiffs. In Hutchinson on Carriers (§ 701), the author says:

"The owner of the property must of course stand in the relation of passenger to the carrier in order to fix upon him the liability as a carrier of baggage. The carriage is, *ex vi termini*, incidental to the carriage of the owner as a passenger. If, therefore, that which would have been properly baggage, had it been accompanied by the owner as a passenger, should by accident or mistake be accepted by the carrier for transportation without being accompanied by the owner, and when he is not and does not become a passenger, the carrier would not have it in his custody in the character of baggage, and would not be responsible for it as such."

<div style="float:left">Common carrier—liability for merchandise shipped as agent's baggage.</div>

In *Metz v. Cal. So. Rld. Co.*, 24 Pac. Rep. 610, it was held,

"that a man traveling alone and carrying in his trunk for transportation a quantity of ladies' jewelry cannot recover for the loss thereof against a common carrier."

This case was decided on the ground that these articles were not properly baggage for the convenience of the passenger, but were merchandise, though not carried for any commercial purpose, and not such as a carrier was under obligation to transport as baggage.

In *Stimson v. Railroad Co.*, 98 Mass. 83, it was held,

"that a railroad company is not liable to either owner or agent, on its ordinary contract of transportation of a passenger, for losing a valise delivered into its charge as his personal luggage, but which contained only samples of merchandise, and that its contents were owned by a trader, whose agent he was, to sell such goods by sample, nor in tort for the loss, without proof of gross negligence."

And the case of *Alling v. B. & A. Rld. Co.*, 126 Mass. 121, is to the same effect.    The case of *Humphreys v. Perry*, 148 U. S. 627, goes still further.    The plaintiffs were partners, dealing in jewelry.    One of the firm, who acted as a traveling salesman, purchased a ticket and checked a dark-colored, iron-bound trunk, of the kind known as a jeweler's trunk, and paid the charge for overweight thereon as personal baggage.    There was no evidence tending to show that the company's agent had any knowledge of the contents of the trunk.    The court held, after an elaborate review of the authorities, that there was no liability.

In the case under consideration, we are not required to go to the limit of the one last cited, nor do we need to assent to the conclusion arrived at in that case.    Here there is absolutely nothing showing any contract, express or implied, between the parties to this suit with reference to the transportation of the stolen property.    The bill of particulars seems to base the plaintiff's right to recovery solely on contract.    There is no averment of loss through negligence, or of wrongful conversion of the property.

Several other questions are discussed in the brief of counsel for the plaintiff in error, but as the point already considered disposes of the case, we deem it unnecessary to consider any other matter.

The judgment is reversed.

All the Justices concurring.