THE PENNSYLVANIA RAILROAD COMPANY, PROSECUTOR,
v. WALTER J. & HERBERT W. KNIGHT.

1. The liability of a carrier of passengers, in respect to the carriage of passengers' baggage, is incident to the liability in respect to the carriage of the passenger himself, and arises from the relation of passenger and carrier.

2. A carrier of passengers is not liable to a firm for injuries done to an article belonging to the firm, but carried by the carrier as the personal baggage of a passenger, although the passenger was a member of the firm.

On *certiorari.*

The return to this writ shows a judgment of the Common Pleas of Essex county, affirming a judgment of the First District Court of the city of Newark, in favor of Walter J. Knight and Herbert W. Knight, as partners, and against the Pennsylvania Railroad Company.

The action was in debt. The state of demand showed the action of the plaintiffs, the Knights, to be for the recovery of damages resulting from injury to a typewriting machine belonging to them as partners, while in transit as baggage in the custody of the railroad company from Trenton to Newark.

The state of the case, on which the appeal was heard by the Common Pleas, showed that the machine, which belonged to the plaintiffs and was used by them in their partnership business, was taken by Herbert W. Knight, who held a ticket issued by the railroad company entitling him to ride as a

passenger from Trenton to Newark, to the baggage-room of the company in Trenton and delivered to the baggage master, who received it and gave a check for it to said Knight. It was found to be injured when it arrived at Newark.

Argued at June Term, 1895, before Justices VAN SYCKEL, LIPPINCOTT and MAGIE.

For the prosecutor, *Maximilian T. Rosenberg.*

For the defendants, *Herbert W. Knight.*

The opinion of the court was delivered by

MAGIE, J. The argument in this case was addressed solely to the question whether a typewriting machine was an article of personal baggage, for the loss of which, or for injury to which, the carrier of a passenger would be liable.

In my judgment, the question thus argued is not presented and cannot be considered.

It is well settled that the liability of carriers of passengers, in respect to the carriage of what is called passengers' personal baggage, arises out of and is incident to their liability in respect to the carriage of the passengers themselves. While it is true that the liability of such carriers for injuries received by passengers only arises when such injuries result from the carriers' negligence, and their liability for injuries to passengers' baggage is that of common carriers of goods and as insurers against all perils except those proceeding from an act of God or of the public enemy, yet the liability is single and arises solely from the relation of passenger and carrier. *Hutch. Carr.*, § 678 ; *Story Bailm.*, § 499.

If the relation of passenger and carrier is considered as founded on contract, the payment of the passenger's passage money is the single consideration for the contract to carry both the passenger and his personal baggage. If that relation is considered as raising a duty independent of contract (*Delaware, Lackawanna and Western Railroad Co. v. Trautwein,*

23 *Vroom* 169), it is a duty owed to the passenger to carry him and his personal baggage.

The case shows no misconduct on the part of the railroad company occasioning the injury to the machine on which an action of trespass could be maintained.

Upon the facts shown, I think it obvious that the plaintiffs below had no enforceable right of action against the railroad company. The contract of carriage was made by it with Herbert W. Knight, and the firm is not in privity therewith. The duty arising from its reception of said Knight as passenger, was owed to him and not to his firm. There is nothing on which the railroad company can be charged with any liability to the plaintiffs below. Upon similar facts this conclusion has been elsewhere reached. *Weed* v. *Saratoga, &c., Railroad Co.*, 19 *Wend.* 534; *Stimson* v. *Connecticut River Railroad Co.*, 98 *Mass.* 83; *Dunlap* v. *International Steamboat Co.*, 98 *Mass.* 371; *Alling* v. *Boston and Albany Railroad Co.*, 126 *Mass.* 121; *Becker* v. *Great Eastern Railway Co., L. R.*, 5 *Q. B.* 241.

Whether Herbert W. Knight could maintain an action against the railroad company upon these facts, is a question not before us, and on which no opinion can be expressed.

This objection to the judgment below is substantially presented by the reasons filed.

The result is that the judgment must be reversed, with costs.