THE MISSOURI PACIFIC RAILWAY COMPANY v. MAX LIVERIGHT *et al.*

**No. 190.**

RAILROADS — *Damage to Sample Cases — Personal Baggage — Liability of Railway Company.* Where the traveling salesman of a firm purchases two first-class tickets, and on these tickets procures trunks or sample cases belonging to the firm, to be checked and transported by a railroad company as his personal baggage, without informing the railroad company as to the contents, value or ownership of the trunks, *held*, that the railroad company is not liable to the firm if injury results to the contents of the trunks so transported as the personal baggage of their traveling salesman.

Error from Pratt district court; W. O. BASHORE, judge. Opinion filed July 15, 1898. Reversed.

*J. C. Ellis, C. E. Benton*, and *J. H. Richards*, for plaintiff in error.

*J. F. King*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: On the 23d day of June, 1893, Morris Lang, traveling salesman for the defendants in error, purchased two first-class passenger tickets, one for himself and one for the packer who accompanied him, over the railroad of plaintiff in error from Jewell City, Kan., to Concordia, Kan.

Lang and the packer carried eight sample cases or trunks as baggage. The trunks were checked as the personal baggage of Morris Lang by the station agent of plaintiff in error, from Jewell City, by the way of Jamestown, to Concordia.

The aggregate weight of the trunks was 1500 pounds in excess of what the railroad company carried gratuitously as the baggage of two passengers. Morris Lang paid for the transportation of the excess baggage the sum of $2.24; the payment was made with coupons from an excess-baggage ticket, such as the plaintiff in error kept for sale and which Morris Lang had previously purchased.

At Jamestown the baggage was transferred from one train to another. It was fifteen or twenty minutes before the train bound for Concordia arrived. During this interval, and while the trunks were on the trucks on the platform for transfer, a severe storm of wind, hail, and rain, lasting about ten minutes, occurred; the trunks were rained on and their contents wet. This fact was known at the time to Lang and his packer.

At Concordia the trunks were delivered to Lang. He did not examine their contents, but immediately had them transferred to the station of the Atchison, Topeka & Santa Fe Railway Company, and there shipped to Larned, Kan., where he arrived the next day at noon with his trunks. He remained at Larned until the next morning without opening the trunks, when the same were shipped from Larned to Turon, Kan., arriving about noon. At this place the trunks were opened and their contents examined for the first time after they had been wet at Jamestown, about forty-four hours before. The damaged condition in which the contents of the trunks were found is the in-

jury complained of in this action. The case was tried to a jury, resulting in a verdict and judgment for plaintiffs. The defendant below brings the case here for review.

Before the commencement of this action Morris Lang assigned to the defendants in error all his right or claim for money or damages against the railway company. It is now contended by plaintiff in error that this claim is not assignable; that it is a suit upon a personal contract for the carriage of the personal baggage of Morris Lang. The plaintiffs in their petition allege, in substance:

"Defendant then and there, having full knowledge of the amount, kind and character of the articles contained in the trunks, contracted and agreed with Lang in consideration of the passage money, and in consideration of the sum of two dollars for excess baggage, to receive and safely transport the trunks and their contents as the personal baggage of the said Lang from the city of Jewell to the city of Concordia"; also, that "The contents and the trunks were the necessary instruments and means of trade of the said Lang in the prosecution of his duties as traveling salesman; and the defendant failed to so safely carry said trunks and their contents, but by reason of its gross negligence the trunks were damaged in the manner therein described."

Morris Lang testified as follows:

"Ques. Now I want you to state just exactly what you did, as near as you can remember, what the agent did, and what you said, and what the agent said; the whole thing. Ans. I simply went to the agent and told him to check my baggage to Concordia, Kan., which he did; and when the train came along it was placed in the baggage-car, and when we arrived at Jamestown it was thrown out of that car and placed on the trucks.

"Q. Before you got there did he check those trunks

for the tickets?  A.  He checked those trunks for the tickets and the amount of excess that I had paid him for it."

The jury find in answer to special questions as follows :

"1.  Did M. Lang inform the station agent of defendant at Jewell City, at the time he checked the baggage from that station to Concordia, of the nature of the contents of the trunks comprising said baggage?  A.  No.

"2.  Did M. Lang inform the station agent of defendant at Jewell City of the value of the contents of the trunks which he procured said station agent to check to Concordia June 23, 1893?  A.  No.

"3.  Did the station agent of defendant at Jewell City have any personal knowledge of the nature or value of the contents of the eight trunks which he checked for M. Lang from that station to Concordia June 23, 1893?  A.  From the appearance of said trunks he knew their nature, but as to their value and contents he had no evidence or knowledge."

From the allegations in the petition, the testimony of Morris Lang, and the findings of the jury, in our opinion, the case is within the rule stated in the case of *S. K. Rly. Co. v. Clark*, 52 Kan. 398 :

"Personal baggage limited in quantity is usually transported by carriers of passengers as an incident to the transportation of the person, without extra charge. The contract to transport a passenger is usually a personal contract.  If injury results to his person, or his personal effects transported as baggage, there can be no doubt that the railroad company is liable to him, and him alone, when occurring under such circumstances as to create liability.  The fact that he is engaged in the service of another at the time, and that his transportation is paid for by his employer, cannot diminish his individual right to safe transportation. We fail to perceive that the facts that his fare is paid for by his employer, and that the occasion for his

making the journey is the prosecution of the business of his employer, in any manner affect the contract with, or liability of, the railroad company. It does not appear in this case that, at the time he purchased his ticket, anything was said with reference to his employment, nor that, at the time he checked his baggage, any mention was made of the fact that the samples he carried belonged to the plaintiffs.''

Several other questions are discussed by plaintiff in error, but for the reasons given the judgment of the district court is reversed.