EDWARD H. WOOD *vs.* MAINE CENTRAL RAILROAD COMPANY.

Cumberland.    Opinion October 22, 1903.

*Common Carriers.    Railroads.    Personal Baggage,* Liability and loss of.

The relation of passenger and public carrier between the parties entitles the passenger to have his personal baggage transported at the same time without any additional charge for the freight.    No separate contract is required for the carriage of mere personal baggage which is accompanied by the passenger in its transportation.    With respect to such baggage, the carrier of passengers incurs the responsibility of common carriers of merchandise, and becomes liable as an insurer of the baggage except in cases of "vis major" or the public enemy.

But in the absence of any special agreement therefor the carrier does not incur this liability as an insurer of the baggage, unless the passenger accompanies it in its transportation or is prevented from so doing by the fault of the carrier.    If therefore that which would have been properly baggage had it been accompanied by the owner as a passenger, should by accident or mistake be accepted by the carrier for transportation without being accompanied by the owner, and when he is not or does not become a passenger, the carrier would not have it in the character of baggage, and would not be responsible for it as such.

Although the measure of the liability of the carrier of the baggage is the same as that of the common carrier of goods as freight, the risk incurred by the carrier in the two cases is not always the same.    Where the baggage is accompanied by the owner, as the carrier has the right to suppose will be the case, emergencies may arise in which his care and attention to it may preserve it from loss; and when his journey has been safely made, the carrier may at once deliver to him his baggage.

Where the owner did not intend to accompany his baggage the entire distance of his route and it is admitted that he did not in fact accompany it over any part of the defendant's railroad, *held;* that the defendant did not incur the full responsibility of a common carrier of goods; and that at the time the trunk was rifled of its contents, the defendant was only liable as a gratuitous bailee.

*Held;* that there was no want of ordinary care on the part of the defendant respecting the custody of the trunk.

The trunk was deposited in an ordinarily well-constructed baggage room with the doors and windows secured in the ordinary manner on the night in question, and the felonious entrance was effected by breaking out a pane

of glass in one of its windows. The plaintiff's conduct indicated that he regarded this baggage room as a reasonably safe place for the storage of baggage. He must have been familiar with the condition of the baggage room of the defendant company at that station. When he stopped in Boston, he knew that in the ordinary course of transportation his trunk would reach its destination at Wiscasset in this State in advance of his arrival, and be stored in this baggage room over night. After his arrival he made no haste to call for it and showed no anxiety in regard to its safety.

On report. Judgment for defendant.

Action for loss of plaintiff's baggage by theft from the defendant's station at Wiscasset.

It was admitted that the owner did not accompany it while it was being transported from Boston to Wiscasset, its place of destination.

The case appears in the opinion.

*W. M. Hilton,* for plaintiff.

*N. and H. B. Cleaves; S. C. Perry and H. W. Swasey,* for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

WHITEHOUSE, J. In this case the first count in the writ sets out an express contract on the part of the defendant as a common carrier, to transport the plaintiff's trunk with its contents safely from Portland to Wiscasset and there to deliver it to the plaintiff. The second is on an alleged contract by the defendant as a warehouseman to receive from the plaintiff and safely keep, and deliver to him his trunk and its contents upon demand. The defendant pleads to the first count that it was not liable to plaintiff as a common carrier for the loss of his property, and to the second count that as a warehouseman it used reasonable and ordinary care and diligence in keeping the property; and that the defendant's baggage room in Wiscasset was broken open and entered by thieves and the contents of the trunk stolen without the fault of the defendant.

On the 16th of June, 1902, the plaintiff bought a passenger ticket from Asbury Park, N. J., to Boston, and had his trunk checked through to Wiscasset, Maine. The plaintiff testified that he paid

"an additional price," or "extra charge" over and above the price of his ticket to have the trunk checked through to Wiscasset, but he was unable to remember whether this "extra charge" was 75 cents or $1.25. The check found on the plaintiff's trunk was the ordinary paper check usually attached to trunks of passengers on the roads over which this trunk was carried. The plaintiff came to Boston as a passenger on the same train with the trunk, arriving there on the morning of June 17. He remained in Boston the entire day and in the evening continued his journey by boat from Boston to Bath. There, on the morning of June 18, he bought a ticket on which he traveled over the defendant's railroad from Bath to Wiscasset, arriving there about 9.30 in the forenoon of that day. In due course of transportation upon the check, the plaintiff's trunk had reached Wiscasset over the defendant's railroad from Portland at 2.55 in the afternoon of the day preceding, but no one appearing there to receive it on its arrival, it was duly deposited in the baggage room with other baggage. The plaintiff did not call for it until the afternoon of the 18th about 24 hours after its arrival.

It is contended that the facts thus disclosed are insufficient to establish the liability of the defendant as a common carrier and an insurer of the trunk, and that it can only be liable either as a gratuitous bailee or as a warehouseman.

It is settled and familiar law respecting public carriers of passengers, that the existence of the relation of passenger and carrier between the parties entitles the passenger to have his personal baggage transported at the same time without any additional charge for the freight. No separate contract is required for the carriage of mere personal baggage which is accompanied by the passenger in its transportation. The fare for the transportation of the passenger includes compensation for the carriage of the baggage; and with respect to such baggage, the carrier of passengers incurs the responsibility of common carriers of merchandise, and becomes liable as an insurer of the baggage, except in cases of "vis major" or the public enemy. But in the absence of any special agreement therefor the carrier does not incur this liability as an insurer of the baggage, unless the passenger accompanies it in its transportation or is prevented from so

doing by the fault of the carrier.   *Wilson* v. *Grand Trunk Railway*, 56 Maine, 60; Id. 57 Maine, 138; *Graffam* v. *Boston & Maine Railroad*, 67 Maine, 234.   "If therefore that which would have been properly baggage had it been accompanied by the owner as a passenger, should by accident or mistake be accepted by the carrier for transportation without being accompanied by the owner, and when he is not or does not become a passenger, the carrier would not have it in the character of baggage, and would not be responsible for it as such.   .   .   .  .   For although the measure of the liability of the carrier of the baggage is the same as that of the common carrier of goods as freight, the risk incurred by the carrier in the two cases is not always the same.   Where the baggage is accompanied by the owner, as the carrier has the right to suppose will be the case, emergencies may arise in which his care and attention to it may preserve it from loss; and where his journey has been safely made, the carrier may at once deliver to him his baggage."   Hutchinson on Car. §§ 701 and 702; *Collins* v. *Boston & Maine Railroad*, 10 Cush. 506.

In *Beers* v. *Boston & Albany R. R. Co.*, 67 Conn. 417, 52 Am. St. Rep. 293, 32 L. R. A. 535, the defendant company received from another carrier and transported the plaintiff's trunks upon the erroneous assumption created by the checks on the trunks that they were the personal baggage of passengers who had purchased tickets over the defendant's road as a connecting carrier.   In fact the owner of the trunks traveled by another route, but supposed that the trunks were properly checked.   The court held that the defendant did not receive the trunks in the capacity of a common carrier of passengers for hire; and as there were no passengers accompanying the trunks or who had bought tickets entitling them to passage with their trunks over defendant's road, there was no liability of the defendant, except for wilful and intentional injury to the trunks in its possession.   So in the recent case of *Marshall* v. *Pontiac, Oxford & Northern R. R. Co.*, 126 Mich. 45, the plaintiff purchased a passenger ticket over the defendant's railroad for the purpose of obtaining a check upon which his trunk was forwarded as baggage, without any intention of accompanying the baggage in its transportation.   He made the journey to his destination by his own private conveyance, but in the meantime

the baggage had arrived and as the owner was not there to receive it, the trunk was deposited in the baggage room used for that purpose. The second night after the arrival of the trunk, the baggage room was feloniously entered and the trunk carried away by thieves. Some four months later the plaintiff used his ticket as a passenger on the defendant's railroad. The court held that the plaintiff was not a passenger at the time the trunk was transported over the road, and that at the time it was stolen from the baggage room the defendant was only a gratuitous bailee, and not being guilty of "gross negligence" it was not liable to the plaintiff. In this case, however, the court deemed it proper to close the opinion with this observation: "We must not be understood as holding that it is absolutely necessary for the passenger to go upon the same train with his baggage in order to entitle him to have his baggage taken care of at his destination by the railroad company as a warehouseman. Where the passenger purchased his ticket with the bona fide intention to use it, but without fault upon his part, did not accompany it, but went upon a following train, a different case is presented."

In the case at bar it satisfactorily appears from all the evidence that the plaintiff's trunk was received by the carrier in New Jersey in the ordinary way as the personal baggage of a passenger, in the expectation that it would be accompanied by the owner. It is true that the plaintiff testifies that he paid an "extra amount" to have the trunk "checked through to Wiscasset," but he is unable to state the precise amount paid for that purpose, and he recalls no conversation between the checker and himself tending to show that the trunk was to be forwarded as freight without the passenger. He received only the ordinary passenger check for the trunk, and it seems probable from all the evidence that the "additional price" paid by him was only the ordinary charge for the transfer of the baggage of passengers across New York and Boston. The conclusion is irresistible that when the trunk was checked at Asbury Park both the parties understood that it was to go forward as the baggage of a passenger. It is equally clear that the plaintiff did not intend to accompany it beyond Boston, and it is admitted that he did not in fact accompany it over any part of the defendant's railroad.

It is accordingly the opinion of the court that the defendant did not incur the full responsibility of a common carrier of goods, and that at the time the trunk was rifled of its contents, the defendant was only liable as a gratuitous bailee.

But with respect to its manner of storing and keeping the trunk, the evidence fails to show that the defendant was guilty of any negligence which would render it liable, as a gratuitous bailee, to compensate the plaintiff for the loss of baggage taken from its custody by shop-breakers and thieves. The trunk was deposited in an ordinarily well constructed baggage room with the doors and windows secured in the ordinary manner on the night in question, and the felonious entrance was effected by breaking out a pane of glass in one of its windows. The plaintiff's conduct indicated that he regarded this baggage room as a reasonably safe place for the storage of baggage. Wiscasset was his old home. He must have been familiar with the condition of the baggage room of the defendant company at that station. When he stopped in Boston, he knew that in the ordinary course of transportation his trunk would reach its destination in advance of his arrival, and be stored in this baggage room over night. After his arrival he made no haste to call for it and showed no anxiety in regard to its safety.

There was no want of ordinary care on the part of the defendant respecting the custody of the trunk.

*Judgment for the defendant.*