ELIZA DOERNER, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. **CARRIERS: Loss of Baggage: What Constitutes "Ordinary Baggage."** Baggage under the common law definition is understood to mean such articles of necessity or personal convenience as were usually carried by passengers for their personal use, and not merchandise or other valuables, although carried in the trunks of passengers, which were not destined for such use but for other purposes, such as sale or the like, and in enacting section 1192, R. S. 1899, the Legislature in using the term "ordinary baggage" did not intend to establish a new rule as to what should constitute baggage as applied to railroads as common carriers.

2. ———: ———: ———: **Jewelry as Baggage.** The word "baggage" has been held to mean whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the ultimate purpose of the journey. Such articles of jewelry and personal ornaments as are appropriate to the wardrobe, rank and social position of a passenger will be held to be baggage.

3. ———: ———: ———: **Diamond Pin as Baggage: Question for Jury.** In a suit against a railroad company for the loss of a suit case and its contents checked as baggage over defendant's line; among the articles lost was a diamond breast pin valued at $300. The evidence showed that plaintiff was a woman of considerable means, had traveled extensively, and lived on her income. *Held*, that the question of whether the diamond pin was ordinary baggage was one for the trier of the facts and that the evidence was sufficient to sustain their finding in plaintiff's favor.

4. ———: ———: **What is Baggage: Question for Jury.** From the very nature of the subject it is obviously impracticable to prescribe any uniform or very definite rule in respect to what shall be deemed baggage to be applied as a fixed rule

for every case. This must be left largely for the jury to determine in each particular case, from the habits, rank and condition of the party, the extent and reasonable expenses of the journey, together with all the circumstances relevant to the inquiry.

5. ———: ———: **Disclosing Value of Baggage by Passenger.** In the absence of reasonable inquiry by the carrier or his agent at the time the baggage is offered, there is no obligation on the part of the passenger to disclose the value of the articles so far as they are properly baggage.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*W. F. Evans* and *Moses Whybark* for appellant.

(1) Under the facts in this case the court erred in holding that the diamond was baggage. Hubbard v. Railroad, 112 Mo. App. 474; Saunders v. Railroad, 62 C. C. A. 528; N. Y. Railroad v. Fraloff, 100 U. S. 24, 25 Law Ed. 531; Whitmore v. Caroline, 20 Mo. 518; 4 Elliott on Railroads (1 Ed.), secs. 1646, 1647. (2) It was the duty of the plaintiff under the facts in this case to have disclosed to the baggage agent the contents of her suit case. C. & O. Railroad v. Hall (Ky.), 124 S. W. 372; Railroad v. Matthews, 60 L. R. A. 846, 114 Ky. 973; Rider v. Railroad, 14 Mo. App. 529; Rossier v. Railroad, 115 Mo. App. 515; Humphreys v. Perry, 148 U. S. 627; Ross v. Railroad, 4 Mo. App. 583; Sherlock v. Railroad, 85 Mo. App. 46; Railroad v. Shackelford, 87 Miss. 610; 6 Am. and Eng. Ann. Cases 826; Bottum v. Railroad, 72 S. Carolina 375; 5 Am. and Eng. Ann. Cases 118; 6 Cyc. 668; Railroad v. McGaghey, 36 L. R. A. 781; 63 Ark. 344; Railroad v. Berry, 28 L. R. A. 501, 60 Ark. 433.

*H. E. Doerner* for respondent.

(1) Under the facts in this case the question as to whether or not the diamond pin was baggage (or even

ordinary baggage) was for the court, sitting as a jury, to determine. Hubbard v. Railroad, 87 S. W. 55; Brock v. Sale, 94 Fla. 523; Dibble v. Brown, 12 Ga. 217; Merrell v. Grinnell, 30 N. Y. 594; 1 Words and Phrases, 663-70; 8 Words and Phrases, 7586. (2) The diamond pin, under the facts in this case, was ordinary baggage. Macrow v. Railroad, 6 Q. B. (L. R.) 622; State ex rel. v. Railroad, 71 Mo. App. 390; Pullman Co. v. Van Der Hofen, 107 S. W. 147. (3) So far as the articles were properly baggage there was no obligation to disclose their value however exceptional it may have been in the absence of reasonable inquiry. Railroad v. Fraloff, 100 U. S. 24; Railroad v. Baldauf, 16 Pa. 67.

. NIXON, P. J.—This was an action by Eliza Doerner for the loss of certain personal baggage, including, among other things, her diamond breastpin valued at $300. On October 3, 1906, the plaintiff purchased at St. Louis a ticket over defendant's railroad to Steele, Mo., and checked at the baggage room at the Union Station a steamer trunk and a large leather suit case which she had purchased a few months before in Germany, paying ten dollars for the same. The trunk reached its destination safely, but the suit case was lost in transit and never found. In the suit case was packed the following articles: One brown silk kimona with Persian trimming; one black dress made of Priest's cloth; one black dress made of French voile; one white silk waist; one black silk skirt; one brown serge dress and jacket; one black leather handbag; one pair of ladies' shoes; one pair of ladies' slippers; two white aprons; two thin waists; one toupet and puffs; five solid silver teaspoons; one note book, and biography; one bundle of letters; two dollars in money; one wallet; one diamond breastpin, in form of crescent, with one large diamond in center, and four smaller on each side, decreasing in size.

The plaintiff's testimony was to the effect that she is a widow, sixty-nine years of age, residing at Cole-grove, California, and her occupation is that of a house-wife. That she was in St. Louis on October 3, 1906, and intended to go to California, and bought a ticket to Steele, Mo., intending to visit her son who lived there, and go from there to California. She stated that she had had the breastpin tested by a jeweler and that it was worth three hundred dollars; that she had loaned a lady two hundred dollars, taking the pin as security, and that it was afterwards taken by her in payment of the debt, but that it was worth three hundred dollars. Evidence was offered by plaintiff of her financial stand-ing to the effect that she had made four trips to Europe for pleasure in the last ten years, and to California five or six times, and had traveled over Mexico, and through the South and East, and was North two years ago, spending the summer there, and that she had traveled around considerably. That she owned her own home and lived on her income, and that she was in what some would call good circumstances, but no estimate of her actual financial worth was given. She had owned the diamond breastpin about fifteen years.

There was no evidence to show that the baggage agent, when he received the suit case, knew anything as to its contents.

At the trial, the court excluded the following articles: Five silver teaspoons, two dollars in money, note book and biography, wallet and contents, bundle of letters and promissory note as not being properly classed as baggage. But the defendant was held liable for the value of the other articles enumerated in the petition.

The defendant, at the conclusion of the evidence, requested the court to give the following declaration of law: "The court declares the law to be that under the evidence in this case, the diamond breastpin sued for by the plaintiff was not baggage within the meaning of

the term 'ordinary baggage,' as used in the statute; and if the court finds the issues for the plaintiff, it will exclude the value of the diamond breastpin in estimating the damages to be awarded her." The court refused to give this declaration of law, found the breastpin to be baggage, and gave judgment for plaintiff for the sum of $453. The defendant has appealed.

The only question presented to the appellate court for its decision is: Was the diamond breastpin, under the facts, baggage within the meaning of the term "ordinary baggage" as used in the statute, and is the defendant liable to plaintiff for its value as baggage?

The appellant has based its claim to a reversal of the judgment in this case upon the language of section 1192, Revised Statutes 1899, which regulates the charges of railroads as common carriers of passengers and which provides that the charges shall be limited to a compensation per mile for the transportation of any person with *ordinary baggage* not exceeding one hundred pounds in weight. The claim of the appellant is that the word "baggage" as here used, qualified by the word "ordinary," shows that the intention of the Legislature was to limit "baggage" to wearing apparel and other articles such as are ordinarily carried by a common traveler, and that diamonds and articles of such value ought to be eliminated under a proper construction of the term "ordinary baggage" as used in said statute. Section 1192 was first enacted at the session of the Legislature in 1875 and the term "ordinary baggage" was then first used, and it has been carried forward substantially the same in subsequent revisions. At and prior to the time this statute was enacted, the term "baggage" had a well-defined meaning at common law. It was understood to mean such articles of necessity or personal convenience as were usually carried by passengers for their personal use, and not merchandise or other valuables, although carried in the trunks of passengers, which were not destined for such use but for other purposes,

such as sale or the like. The "baggage" which a passenger was entitled to take with him and for the safe carriage of which the carrier was liable, meant *ordinary baggage,* or such baggage as a traveler usually carried with him for his personal convenience. [Grant v. Newton (N. Y.), 1 E. D. Smith, 95, 98; Pardee v. Drew (N. Y.), 25 Wend. 459, 460; Stimson v. Conn. R. R. Co., 98 Mass. 83, 84; Kansas City, F. S. & G. R. Co. v. Morrison (Kan.), 9 Pac. 225, 228; Hutchings v. Western & A. R. Co. (Ga.), 71 Am. Dec. 156.]

The purpose of the Missouri Legislature in enacting section 1192 was evidently to recognize this well-established meaning of the word "baggage" as distinguished from merchandise, and not to establish a new rule as to what should constitute baggage as applied to railroads as common carriers.

The word "baggage" has been held to mean whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the ultimate purpose of the journey. [Kansas City, F. S. & M. Ry. Co. v. McGahey (Ark.), 38 S. W. 659, 660.] Such articles of jewelry and personal ornaments as are appropriate to the wardrobe, rank, and social position of a passenger will be held to be baggage. [Mauritz v. N. Y., L. E. & W. R. Co. (U. S.), 23 Fed. 765, 771.] And it has been held also that a diamond pin comes within the meaning of the term "baggage." [Hannibal & St. J. R. Co. v. Swift, 12 Wall. 262, 20 L. Ed. 423.]

But an examination of the authorities makes it evident that articles which may be convenient or necessary for one person might not be for another, or that which might appropriately and properly be classed as "baggage" upon one journey and for one purpose, might not be so for another journey and for another purpose. That which might be necessary for the convenience of a female passenger might not be so for one of the other

sex. That which might be a convenience and almost a necessity for a traveler in one condition of life, might be superfluous and wholly useless in the case of another, whose habits and condition in life were wholly different. [Coward v. East Tenn. & G. R. Co., 57 Am. Rep. 226.] From the very nature of the subject it is obviously impracticable to prescribe any uniform or very definite rule in respect to what shall be deemed baggage to be applied as a fixed rule for every case. This must be left to the jury to determine in each particular case, from the habits, rank and condition of the party, the extent and reasonable expenses of the journey, together with all the circumstances relevant to the inquiry. [Bomar v. Maxwell, 9 Humph. 622; s. c. 51 Am. Dec. 682.] Whether any particular article in a given case should be classed as baggage is to be determined in view of the nature and extent of the journey, the circumstances and condition of the passenger, and is largely a question of fact for the jury. [6 Cyc. 667.]

It was not necessary in this case, in order to bind the defendant and create a liability for the baggage, that the plaintiff should have disclosed the contents of her suit case at the time she checked the same in the baggage room in St. Louis. There was no request made by the agent of defendant at the time the suit case was offered to him, and so far as the articles were properly baggage, there was no obligation to disclose their value, however exceptional it may have been, in the absence of reasonable inquiry. [N. Y. Cent. & H. R. R. Co. v. Fraloff, 100 U. S. 24, 29, 25 L. Ed. 531; Camden & Amboy R. Co. v. Baldauf (Pa.), 55 Am. Dec. 481.]

The evidence in this case showed, as we have stated, that the respondent had made several trips to Europe for pleasure in the last ten years and had traveled extensively in this and other countries; that she owned her own home and lived on her income, and was in what would be considered good circumstances. Under this showing, it was a question for the trier of the fact to

say whether plaintiff's diamond breastpin of the value
of three hundred dollars was "ordinary baggage." The
trial court, sitting as a jury, having found that fact in
plaintiff's favor, the appellate court cannot declare as
a matter of law that such finding was not warranted by
the evidence. There being no material  error  in  the
record, the judgment is affirmed.  All concur.