## LUSK et al. v. BLOCH et al.

No. 8221—Opinion Filed May 22, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 430.)

### 1. Carriers—Baggage—Liability.

The carriage of baggage is a mere incident to the carriage of the owner as a passenger; and ordinarily a carrier is liable alone to the owner thereof for the loss or damage to property, as carrier of baggage, when the relation of carrier and passenger exists between it and such owner, unless at the time of the receipt of such property as

baggage the carrier is informed that the same is owned by another.

## 2. Carriers—Baggage—Liability for Loss.

Where a passenger procures the property of another to be carried as baggage, the carrier, if without knowledge of the true ownership, is a gratuitous bailee thereof, and liable to the owner only for loss or damage occasioned by gross negligence or willful misconduct.

(Syllabus by Hooker, C.)

Error from County Court, Oklahoma County; W. H. Zwick, Judge.

Action by Abe Bloch, Herbert R. Bloch, and Jacob Bloch, a copartnership doing business under the firm name and style of Abe Bloch & Co., against James W. Lusk and others, Receivers of the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiffs in error.

Hainer, Burns & Toney, for defendants in error.

Opinion by HOOKER, C. This case was tried upon the following agreed statement of facts:

"It is hereby agreed by and between the undersigned, attorneys for both plaintiffs and defendants, that if witnesses were produced in open court in this case the evidence would be as follows:

"That on the 15th day of February, 1914, Albert R. Lee, traveling salesman in the employment of plaintiffs, purchased a ticket for first-class passage over the lines of the defendants from Madill, Okla., to Hugo, Okla.; that the said Albert R. Lee delivered to the said defendants at Madill, Okla., for transportation to Hugo, Okla., his baggage consisting of a single trunk; and that said defendants received said baggage and promised and agreed to deliver the same to said Albert R. Lee, together with the contents thereof; that the said baggage was safely transported from Madill, Okla., to Hugo, Okla., and safely reached its destination at Hugo, Okla., at 11:35 a. m. on said 15th day of February, 1914, and was immediately placed in the baggageroom. Thereafter, at about 12:10 p. m. of said date the depot at Hugo was burned, and the said sample trunk and contents thereof destroyed.

"It is further agreed that the value of said trunk and contents was $568.15.

"It is further agreed that said sample trunk and contents was insured by the Hartford Fire Insurance Company of Hartford, Conn., and that on March 31, 1914, said insurance company paid to the plaintiffs the value of the trunk and contents, to wit: $568.15, and that the plaintiffs were the owners thereof.

"It is further understood that this suit is brought for the use and benefit of the Hartford Fire Insurance Company of Hartford, Conn., to reimburse it for the amount paid for the loss of said trunk and contents.

"It is further agreed that at the time the said Albert R. Lee delivered his sample trunk and contents thereof to the defendants, he was delivered a duplicate baggage check, being numbered A-359324, which shows upon its face that said sample trunk contained excess weight of 100 pounds, for which the said Albert R. Lee paid 30 cents as excess baggage; said baggage check is hereto attached, marked 'Exhibit A' and made a part of this agreed statement of facts.

"It is further agreed that at the time said sample trunk and contents were delivered to the defendants at Madill, Okla., the defendants had on file with the Corporation Commission of the state of Oklahoma their local passenger tariff, covering all its lines within the state of Oklahoma, a copy of which is hereto attached, marked 'Exhibit B' and made a part of this stipulation.

"It is further agreed that the cause of the said fire which destroyed the depot at Hugo is unknown.

"Dated this 9th day of September, 1915."

Judgment was rendered in favor of the defendants in error against the railroad company, from which judgment an appeal is had to this court. It is asserted that this judgment is erroneous for two reasons: First, a carrier transporting merchandise of a principal as the baggage of his traveling agent without notice of the principal's ownership cannot be held liable for the loss of such baggage in a suit by the principal unless the carrier is guilty of gross negligence or willful misconduct; second, that recovery here is limited to $100 for the reason that the baggage check issued to Albert R. Lee, the traveling salesman, at the time the trunk in question was delivered by him to the company for transportation as baggage, placed a limitation in value thereon in the sum of $100. And tariff No. 117, which was in effect at the time thereof, on file with the Corporation Commission, also placed a limitation of $100, unless a greater valuation was declared by the passenger at the time the baggage was presented for transportation (which the agreed statement of facts does not show). For these two reasons the company denies liability here. If the contention of the company upon the first proposition named above is sustained, it will be unnecessary

to consider the two reasons assigned by it. Under the authority of this court in K. C., M. & O. R. Co. v. Fugatt, 47 Okla. 727, 150 Pac. 669, L. R. A. 1916A, 545, the following principles are announced which may be accepted as the law of this state:

"A carrier, with respect to baggage accompanying a passenger, intrusted to its custody, incurs the responsibility of a common carrier of goods, and is liable as an insurer of the baggage, except where the loss or damage is caused by the act of God, the act of the owner, or by the public enemy. * * *

"It is a matter of general knowledge, of which courts will take judicial notice, that common carriers by rail make a practice of carrying as baggage the sample trunks of traveling salesmen.

"Where a carrier accepts as baggage the sample trunks of a traveling salesman, with knowledge of their character, it thereby waives any objection on the ground that such trunks and contents are not properly baggage, and its liability therefor is the same as that with reference to baggage as defined in section 806, Rev. Laws 1910."

This authority decides the question that the trunk here is property capable of being transported as baggage.

The company asserts that in the absence of willful misconduct or gross negligence it cannot be held responsible for the loss of this baggage, for the reason that the relationship of the passenger and carrier between it and the defendant in error did not exist at the time the trunk was delivered by Albert R. Lee, the traveling representative of the defendants in error, to it for transportation as baggage. Numerous authorities are cited here to support this contention, all of which are to the effect that before the carrier can be liable as an insurer, this personal relationship of passenger and carrier must exist. The rule on this question is stated in Hutchinson on Carriers, §§ 1274, 1275, as follows:

"Sec. 1274. The owner of the property must, of course, stand in the relation of passenger to the carrier in order to fix upon him liability as a carrier of baggage. The carriage is ex vi termini incidental to the carriage of the owner as a passenger. If, therefore, that which would have been properly baggage had it been accompanied by the owner as a passenger, should, by accident or mistake, be accepted by the carrier for transportation without being accompanied by the owner, and when he is not or does not become a passenger, the carrier would not have it in his custody in the character of baggage, and would not be responsible for it as such. Of course, if we accepted such baggage for transportation, knowing that the owner was not and did not intend to become a passenger, he would accept it to be carried as freight, and would be liable for it as a common carrier of goods. But if he accepted it as baggage, supposing the owner to be a passenger, or about to become one, and it should turn out that he was not and did not become a passenger upon the journey upon which the goods were taken, the question would arise: In what character and under what responsibilities was it carried?

"Sec 1275. Having accepted it to be carried as baggage, will the law imply or impose upon him a different contract or duty from that which he undertook? For although the measure of the liability of the carrier of the baggage is the same as that of the common carrier of goods as freight, the risk incurred by the carrier in the two cases is not always the same. When the baggage is accompanied by the owner, as the carrier has the right to suppose will be the case, emergencies may arise in which his care and attention to it may preserve it from loss; and when his journey has been safely made, the carrier may at once deliver to him his baggage, instead of being obliged to keep it for him and thereby prolong his own responsibility. Therefore, to make him responsible as a common carrier of freight for that which he has accepted for carriage as baggage, would be imposing upon him a somewhat different undertaking from that to which he had agreed. * * * * Where, therefore, the owner of goods who has secured the right to be carried as a passenger tenders his goods as baggage, and the carrier, believing that they are to be accompanied by him, accepts them as such, he will thereby incur with respect to their safety the responsibility of a gratuitous bailee only if, through no fault of his, the owner does not become a passenger upon the journey upon which they were taken. And if the carrier should receive goods as baggage under circumstances which lead him to suppose that their owner has secured the right to be carried as a passenger, when in fact no such right has been or is intended to be acquired, the only duty, it is held, which the carrier would owe the owner would be to abstain from willfully or wantonly causing them injury."

Also the same author in section 1276 says:

"Since the carriage of baggage is incidental to the contract for the transportation of the passenger, it follows that if the property accepted by the carrier as the personal baggage of the passenger does not belong to him, but to another with whom no contract for transportation has been made, the owner, in the absence of proof that the carrier has been guilty of negligence, cannot recover for its loss or injury. * * * * "

In Ruling Case Law, vol. 5, p. 178, it is stated:

"In view of the character of baggage as property carried under, or as an incident to, the contract of transportation of the owner as a passenger, a general rule has been developed by the decisions to the effect that property moved by express, or otherwise, apart from the transportation of the person who owns it, cannot properly be considered as baggage, nor can the carrier be liable therefor as such; and where a passenger carries as baggage property belonging to another person, the carrier as to such property is ordinarily deemed to be merely a gratuitous bailee, and is liable to the owner only for the loss of the property by gross negligence or willful misconduct. In accordance with this rule a carrier cannot be held liable to a partnership for injury to firm property where it was carried as the personal baggage of one member. * * *"

In Bradley v. C. & N. Ry. Co., 147 Ill. App. 397, it is held:

"The carrier's responsibility for baggage does not attach unless the relation of passenger and carrier has been established. One having a ticket cannot leave his baggage with the carrier and provide for its transportation in due course unless he himself intends at such time to proceed upon his journey. The carrier's liability with respect to baggage is an incident to the relationship of passenger and carrier, and if such relationship does not exist at the time of the carriage of the baggage, the only responsibility of the carrier is that of a warehouseman."

The Supreme Court of Kansas, in 52 Kan. 398, 34 Pac. 1054, Southern Kansas Ry. Co. v. Clark, said:

"The first question presented by the plaintiff in error is whether the railroad company sustained the relation of a common carrier to the plaintiffs, and is therefore liable for the loss of baggage stolen, without any claim of negligence on its part. * * * Personal baggage limited in quantity is usually transported by carriers of passengers as an incident to the transportation of the person, without extra charge. The contract to transport a passenger is usually a personal contract. If injury results to his person, or his personal effects, transported as baggage, there can be no doubt that the railroad company is liable to him, and him alone, when occurring under such circumstances as to create liability. The fact that he is engaged in the service of another at the time, and that his transportation is paid for by his employer, cannot diminish his individual right to safe transportation. We fail to perceive that the facts that his fare is paid for by his employer, and that the occasion for his making the journey in the prosecution of the business of his employer, in any manner affect the contract with, or liability of, the railroad company. It does not appear in this case that, at the time he purchased his ticket, anything was said with reference to his employment, nor that, at the time he checked his baggage, any mention was made of the fact that the samples he carried belonged to the plaintiffs."

Likewise the Court of Appeals of Kansas in Missouri Pacific R. Co. v. Liveright et al., 7 Kan. App. 772, 53 Pac. 763, held:

"Where the traveling salesman of a firm purchases two first-class tickets, and on these tickets procures trunks or sample cases, belonging to the firm, to be checked and transported by a railroad company as his personal baggage, without informing the railroad company as to the contents, value or ownership of the trunks, held, that the railroad company is not liable to the firm if injury results to the contents of the trunks so transported as the personal baggage of their traveling salesman."

In Stimson v. Conn. River Co., 98 Mass. 83, 93 Am. Dec. 140, it is held:

"The defendants had no contract with the plaintiffs. Their contract was with Edwards, the plaintiffs' agent; and it was a strictly personal contract, for his safe transportation over the railroads, to which the carriage of suitable personal baggage was merely incidental. Edwards had no right to transport merchandise under cover of his personal baggage; much less could he take merchandise in that manner which belonged to other persons, and thereby give them the rights of a contracting party against the defendants. * * * The count upon a contract, therefore, cannot be supported."

And in the syllabus the rule is announced:

"Railroad company cannot be held liable, either to owner or agent, on its ordinary contract to carry a passenger, for losing samples of merchandise delivered into its charge by the agent of the owner as his personal baggage; nor in tort, except for gross negligence."

The doctrine announced in the Stimson Case was followed by the Supreme Court of Massachusetts in Alling v. B. & A. R. Co., 126 Mass. 121, 30 Am. Rep. 667. In Wood v. M. C. R. Co., 98 Me. 98, 56 Atl. 457, 99 Am. St. Rep. 339, it is held:

"Where the owner did not intend to accompany his baggage the entire distance of his route and it is admitted that he did not, in fact, accompany it over any part of the defendant's railroad, held, that the defendant did not incur the full responsibility of a common carrier of goods, and that at the time the trunk was rifled of its contents, the defendant was only liable as a gratuitous bailee."

In Brick v. Atlantic Coast Line R. Co., 145 N. C. 203, 58 S. E. 1073, 122 Am. St. Rep. 440, 13 Ann. Cas. 328, the Supreme Court of North Carolina said:

"Where a passenger carries as baggage property belonging to another person, the carrier, as regards such property, is a gratuitous bailee only, and is liable only for the loss of the property by gross negligence or willful misconduct."

From the foregoing authorities it is a settled doctrine of the law that the owner of the property must stand in the relation of passenger to the carrier in order to fix upon the carrier the liability as a carrier of baggage, unless the carrier is advised of the fact and accepts the property as baggage with full knowledge. And, inasmuch as that relation under the agreed statement of facts here is not shown to have existed between the plaintiff below and the company here at the time the goods were destroyed, nor any claim of knowledge on the part of the company stated, the plaintiff is not entitled to recover in the absence of gross negligence or willful misconduct.

The judgment of the lower court is therefore reversed, and this cause is remanded.

By the Court: It is so ordered.