## CHICAGO, R. I. & P. RY. CO. v. BONNER et al.

No. 13722—Opinion Filed June 17, 1924.

Rehearing Denied Oct. 7, 1924.

1. **Carriers—Liability for Loss of Baggage Not Owned by Passenger.**

Where a passenger procures the property of another to be carried as baggage, the carrier, if without knowledge of the true ownership, is a gratuitous bailee thereof, and liable to the owner only for loss or damage occasioned by gross negligence or willful misconduct.

2. **Same—Judgment Not Sustained.**

The record examined, and held not sufficient to sustain the judgment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Edward D. Oldfield, Judge.

Action by J. W. Bonner and M. L. Marker against Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiffs and defendant brings error. Reversed and remanded.

C. O. Blake, W. R. Bleakmore, A. T. Boys, and W. F. Collins, for plaintiff in error.

Gasper Edwards, for defendants in error.

Opinion by THREADGILL, C. The action was brought by J. W. Bonner and M. I. Marker, as plaintiffs, in the justice of the peace court, against the plaintiff in error, as defendant, to recover damages for negligence on the part of defendant in carrying two trunks checked as baggage from Minco to Oklahoma City. The amount sued for was $200. The case was tried in the justice of the peace court and an appeal taken to the district court of Oklahoma county, where it was filed and tried de novo, and the undisputed facts, developed by the evidence, were as follows:

The plaintiff M. I. Marker was a traveling salesman representing a Chicago shoe house, and the plaintiff J. W. Bonner was also a traveling salesman representing the same house. On a certain Monday morning Marker and Bonner were both in Oklahoma City. Marker's sample trunks were in Lawton and Bonner's trunks were in Oklahoma City. Marker received a hurry-up call from a customer in Minco desiring to see his samples and put in an order for shoes at once. To save the delay, expense, and trouble of getting his trunks from Lawton, and to respond to the call of this customer at once, Marker borrowed the two trunks of Bonner and went to see his customer at Minco, on that same day. The two traveling men had the same sort of samples and represented the same house, and the trunks of Bonner would answer the same purpose as his own trunks in transacting the business with his customer in Minco. After attending to this business with his customer in Minco he checked the trunks with the defendant company on his ticket as a passenger between

four and five o'clock of the afternoon of the same day, Monday, for Oklahoma City. He arrived in Oklahoma City about 7 p. m., but the trunks did not come in. One of the trunks was received the next day, but the other did not come until the following Friday. It had been carried to Kansas City and the delay was the occasion of much worry and inquiry and waiting on the part of the owner, the plaintiff Bonner. There was no delay or loss to Marker, and, as a matter of fact, he had no interest in the action or its results. Bonner was the party at interest. He sold the shoes for his company on commission and his sales gave him $180 a week, and this was his estimated loss. There was no damage to the trunks or to their contents. The issues were tried to a jury in the district court and at the close of the evidence defendant moved for an instructed verdict, which was overruled, and the jury returned a verdict for $180, which was approved by the judgment of the court, and defendant appealed urging the following assignments of error:

"1. The trial court erred in overruling the motion of defendant for a new trial. 2. The verdict is not sustained by sufficient evidence. 3. The verdict is contrary to law. 4. The trial court erred in overruling the motion of defendant at the close of the evidence to instruct the jury to return a verdict in its favor."

Defendant in its brief discusses all of these assignments together in general, and contends that it was entitled to an instructed verdict and judgment under the undisputed facts in the case. We are disposed to agree with this contention. The principle involved is whether or not there can be a recovery where the passenger is not the owner of the baggage, and the carrier has no notice of the true owner, and where the testimony is not sufficient to show gross negligence or willful misconduct on the part of the defendant. This principle has been settled by this court in the case of Lusk v. Bloch, 66 Okla. 171, 168 Pac. 430. The rule is set out in the syllabus as follows:

"1. The carriage of baggage is a mere incident to the carriage of the owner as a passenger; and ordinarily a carrier is liable alone to the owner thereof for the loss or damage to property, as carrier of baggage, when the relation of carrier and passenger exists between it and such owner, unless at the time of the receipt of such property as baggage the carrier is informed that the same is owned by another.

"2. Where a passenger procures the property of another to be carried as baggage, the carrier, if without knowledge of the true ownership, is a gratitous bailee thereof, and

liable to the owner only for loss or damage occasioned by gross negligence or willful misconduct."

We do not think the evidence sufficient to show gross negligence or willful misconduct on the part of the defendant.

The plaintiffs cite the case of Kansas City, M. & O. Ry. Co. v. Fugatt, 47 Okla. 727, 150 Pac. 669, in support of their contention that the judgment of the trial court should be sustained, but this case is not in point because the plaintiff in this case was the owner of the baggage and also the passenger.

The cause should be reversed, with directions to the trial court to set aside the judgment appealed from and render judgment for defendant.

By the Court: It is so ordered.