LE ROY B. SPERRY ET UX. *vs.* THE CONSOLIDATED RAIL-
WAY COMPANY ET AL.

Third Judicial District, New Haven, January Term, 1907.

BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

In the absence of negligence, a street-railway company is not responsible
for the loss of a traveling-bag which remains within sight and
control of its owner while a passenger upon one of its cars; and
the mere fact that the conductor took the bag and set it inside
the car in order to assist the passenger in getting aboard, does
not justify an inference that he assumed its custody thereafter.

In the present case the conductor who assisted the plaintiff aboard
the car and placed her bag near her seat where she could and did
see it, was succeeded by the conductor of the connecting line
before the end of the route, but did not inform the latter that the
bag belonged to the plaintiff, and it was subsequently carried off
by another passenger who sat near it and who, as the second con-
ductor supposed, had a right to take it.   *Held* that the trial court
was correct in ruling that these facts furnished no evidence of
negligence for the consideration of the jury.

It is a matter of common knowledge that the passenger cars of street-
railway companies are not furnished with facilities and means to
enable the companies themselves to take into their custody and
control the baggage of passengers.

Argued January 16th—decided March 6th, 1907.

ACTION to recover damages for the loss, through negli-
gence, of a traveling-bag alleged to have been delivered to
the defendants for carriage, brought by the defendants' ap-
peal from a judgment of a justice of the peace to the Court
of Common Pleas in New Haven County and tried to the
jury before *Bennett, J.;* the trial court directed a verdict
for the defendants, from the judgment on which the plain-
tiffs appealed.   *No error.*

*Charles S. Hamilton,* for the appellants (plaintiffs).

*Harry G. Day,* with whom was *William T. Hincks,* for
the appellees (defendants).

HALL, J.   The complaint alleges that on the 20th of
October, 1904, the plaintiff Lillian M. Sperry, while a pas-

senger upon the defendants' street-railway car, delivered to them, as common carriers, her satchel, which was her reasonable baggage, to be conveyed on said car; that the defendants accepted the same for said purpose, and took charge of it and placed it on such part of the car as suited their convenience; and that they so carelessly and negligently conducted in taking care of and conveying said baggage, that through their negligence and carelessness it was lost.

The trial court finds that the evidence showing the following facts was uncontradicted:—

At about six o'clock in the afternoon of October 20th, 1904, the said Lillian M. Sperry, carrying her infant child, entered a street-railway car of the Connecticut Railway and Lighting Company, one of the defendants, at Milford, to return to her home in New Haven. She was accompanied to the car by her sister, who carried the plaintiff's suit-case and who, immediately when the plaintiff had stepped upon the rear platform and had turned to enter the car, without getting onto the car herself and without saying anything, handed the suit-case to the conductor, who stood upon the rear platform. There were cross seats in the middle of the car, with a narrow aisle between them, and on each end a seat on each side with a wider aisle between them. When the plaintiff entered the car she took one of the cross seats near the middle of the car on the left hand side, which seat was only wide enough for herself and child, and the conductor, on receiving the suit-case, placed it close to the forward end of the rear side seat on the left hand side of the car, and against the first cross seat on that side of the car. No one said anything to the plaintiff about where her baggage was placed, or requested her to take charge of it. Once during the trip the plaintiff looked back and saw her suit-case where it had been deposited by said conductor. This conductor sometimes assisted passengers onto the cars by placing their bags or parcels in the cars.

The car was operated by a conductor and a motorman in the employ of the Connecticut Railway and Lighting

Company, to a point near Woodmont, and from that point to New Haven by the conductor and motorman of the Consolidated Railway Company.

When the change was made the first conductor said nothing to the second one about the suit-case, and the attention of the latter was in no way called to it at that time. Both conductors collected fare of the plaintiff at different points on the road.

The conductor of the Consolidated Railway Company shortly after taking charge of said car observed the suit-case standing where it had been placed by the first conductor, and also noticed an Italian of ordinarily respectable appearance sitting on the side seat near the suit-case, and saw him take the suit-case with him when he left the car.

When the car reached the corner of Church and Chapel streets where the plaintiff was to change cars, she first spoke to the conductor about her suit-case, and asked him where it was. The conductor then learned for the first time that it was hers. He told her he did not know where it was, but that a man had just left the car taking a bag with him. The conductor notified the superintendent of the loss, and personally endeavored by telephone to find the man and suit-case, but was unable to do so.

Upon the direction of the court the jury rendered a verdict in favor of the defendants.

To have entitled the plaintiff to a verdict it was necessary that there should have been sufficient evidence before the jury to justify them in finding, either that the defendants, or one of them, had accepted the baggage under a contract, express or implied, to carry and deliver it as common carriers, or that its loss was due to the negligence of the defendants, or one of them.

There was no evidence whatever of any express contract concerning the carriage of the suit-case, nor was there any evidence of facts which would have justified an implication that the defendants, or either of them, agreed to transport this baggage as common carriers.

There is nothing in the evidence to indicate that these

defendants ever held themselves out as undertaking to assume the care and control of, and to safely deliver, the baggage of the passengers upon their street cars at any street corner at which they might wish to alight.

It is a matter of common knowledge that electric street passenger cars are never furnished, either in the manner in which they are constructed, or in the way in which they are operated, with facilities and means to enable the companies themselves to take into their custody and control the baggage of passengers. The well known facts that there are in such cars no places for the separate storage of baggage, beyond the control of its owners, and that the duties of the conductor and motorman, who are the only agents of the company upon the cars, necessarily prevent them from taking charge of baggage, indicate that the companies do not assume control of such baggage as passengers may bring with them into such cars.

When the carrier does not take full possession of the baggage and it remains under the control of the passenger, the former, in the absence of special agreement, does not assume the common carrier's liability of an insurer, but becomes responsible only when it is shown that the carrier has failed to exercise reasonable care to protect from loss or injury such baggage or property as the passenger has the right to bring with him into the car. *Henderson* v. *Louisville & N. R. Co.*, 123 U. S. 61, 8 Sup. Ct. Rep. 60; *Kinsley* v. *Lake Shore & M. S. R. Co.*, 125 Mass. 54; *Whicher* v. *Boston & A. R. Co.*, 176 id. 275, 57 N. E. 601; *Carpenter* v. *New York, N. H. & H. R. Co.*, 124 N. Y. 53, 26 N. E. 277; *Voss* v. *Wagner P. C. Co.*, 16 Ind. App. 271, 43 N. E. 20, 44 id. 1010; 3 Amer. & Eng. Ency. of Law (2d Ed.) 547–582; 6 Cyc. 661. And in this State, street-railway companies may make reasonable regulations concerning the kind and size of baggage and packages which may be brought into cars by passengers. General Statutes, § 3845.

In the present case the conductor was not requested to take the plaintiff's suit-case into his charge, and the fact that

he took it when it was handed to him and placed it in the car within the sight and control of the plaintiff, manifestly for the purpose of assisting her, would not justify the inference that he assumed the custody of it.

But the principal claim of the plaintiff is that the court should have submitted to the jury the question whether the defendants exercised reasonable care to prevent the loss of the suit-case. It is true that this is ordinarily a question of fact for the jury, but as in this case the evidence was clearly insufficient to sustain a verdict for the plaintiff upon that question, the court committed no error in not submitting it to the decision of the jury. There was no evidence of any breach of duty upon the part of either defendant, or of its employees. There was nothing for the jury to pass upon. Giving to the uncontradicted evidence, respecting the performance by the defendants of their duties, the only reasonable interpretation possible, it discloses these facts : The first conductor, to assist the plaintiff, carried her suit-case into the car when .it was handed to him evidently for that purpose, and deposited it in a proper place where the plaintiff could, and in fact did, see it. Nothing was said or done which led or should have led him to believe that it was thereafter entrusted to his care. He had no reason to think the plaintiff could not watch it, so far as might be necessary, or that there was any danger of its being stolen ; and there was no apparent reason why he should have notified the second conductor that the suit-case belonged to the plaintiff. When the second conductor observed the suit-case, he saw the Italian sitting near it, and there was no evidence to show that he was in any respect negligent in supposing, as he obviously did, that the Italian had a right to take it with him when he left the car.

These facts are clearly insufficient to justify a finding that the plaintiff's loss was occasioned by the negligence of the defendants, or either of them.

There is no error.

In this opinion the other judges concurred.