## BURNETT v. RITER. (No. 1274.)

(Court of Civil Appeals of Texas. Beaumont. July 14, 1925. Rehearing Denied Oct. 14, 1925.)

**1. Carriers ⬅4—"Common carrier" defined.**

A "common carrier" is one who engages in transportation of persons or things from place to place for hire, and who holds himself out to the public as ready and willing to serve the public, indifferently, in the particular line in which he is engaged.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common Carrier.]

**2. Carriers ⬅4—Test of whether one is "common carrier" stated.**

The real test of whether one is a "common carrier" is whether he holds himself out

that he will, so long as he has room, carry for hire persons or goods brought to him for that purpose.

**3. Carriers ⬅235—"Common carrier of passengers" defined.**

A "common carrier of passengers" is one who undertakes for hire to carry all persons, indifferently, who may apply for passage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common Carrier of Passengers.]

**4. Carriers ⬅235—Operator of jitney line held to be "common carrier."**

Operator of jitney line, who accepted for transportation all of such of public who cared to travel between designated points, and charged fares for such transportation, was a "common carrier."

**5. Carriers ⬅108—Liability of common carriers of goods stated.**

Generally common carriers of goods are liable as insurers, excusable for loss of goods only through act of God, public enemy, or negligent act of shipper.

**6. Carriers ⬅397½—Carriers of passengers are common carriers as to passengers' baggage; carrier's liability for baggage intrusted to its care stated.**

Carriers of passengers are common carriers with respect to baggage of their passengers, and generally carrier's liability for baggage intrusted to its care is same as that of a carrier of goods, which is that of an insurer.

**7. Carriers ⬅397½—When carrier is insurer of passenger's baggage stated.**

To make carrier insurer of passenger's baggage, it must appear that passenger surrendered absolutely, complete and exclusive possession, custody, and control of the baggage to carrier.

**8. Carriers ⬅397½—Carrier's duty is to exercise reasonable care to protect baggage, where passenger retains control.**

Where passenger retains entire or at least partial possession and control of his baggage, carrier will not be responsible for its loss, unless negligence on its part or that of its servants is shown; its duty being to exercise reasonable care to protect baggage from loss or injury.

**9. Evidence ⬅20(2)—Common knowledge that jitneys are not equipped to enable operator to take into his custody and control passenger's baggage.**

It is common knowledge that jitneys are not equipped with facilities and means sufficient to enable operator himself to take into his custody and control baggage of passengers.

**10. Evidence ⬅20(2)—Common knowledge that jitney operators place passengers' baggage on running board.**

It is common knowledge that operators of jitneys or automobiles carrying passengers place and take care of the baggage of their passengers on the running board.

**11. Carriers** ⚌397½—**Liability of jitney operator for baggage of passenger held that of bailee.**

Where passenger on jitney bus delivered his baggage, to driver for purpose of having it carried on conveyance in accordance with custom of carrier, which was to place it on the running board, jitney operator *held* not an insurer of passenger's baggage, but a bailee, and law of bailments measured its obligation to owner.

**12. Bailment** ⚌11—**Bailment requires bailee to exercise reasonable care.**

Bailment requires bailee to exercise reasonable care to prevent loss or damage to property bailed.

**13. Trial** ⚌352(4)—**Issue requiring jury to believe that passenger's grip caught fire directly from cigarette thrown by driver held erroneous as being too restricted.**

In passenger's action for damages for loss of baggage, on a jitney, from fire, issue requiring jury to believe that passenger's grip caught fire directly from a cigarette thrown out by driver, in order to hold jitney operator liable, *held* erroneous as being too restricted.

**14. Carriers** ⚌408(7)—**Failure to instruct as to what would constitute negligence held erroneous.**

In action for damages for loss of plaintiff's baggage by fire on a jitney, failure of court, in connection with issue whether plaintiff's grip caught fire from cigarette thrown out by driver, to instruct as to what would constitute negligence, *held* erroneous.

Error from Kaufman County Court; W. P. Williams, Judge.

Action by E. L. Burnett against Chris Riter. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Bumpass & Wade, of Terrell, for plaintiff in error.

Thos. R. Bond, of Terrell, for defendant in error.

O'QUINN, J. Plaintiff in error was plaintiff below, and defendant in error was defendant below, and we shall refer to them as plaintiff and defendant.

Plaintiff filed suit in the justice court, precinct No. 3, of Kaufman County, against defendant, to recover the value of a hand bag and its contents, alleged to be $139.50. Plaintiff alleged that an January 19, 1923, defendant was a common carrier, being engaged in operating what is commonly called a "jitney line" between Terrell, in Kaufman county, Tex., and Tyler, Smith county, Tex., accepting for transportation all of such of the public as cared to travel between said points, and charged fare for such transportation; that on said date he became a passenger on said jitney line, and in one of defendant's automobiles then and there operated as such public conveyance for hire; that he paid the usual fare, and, upon becoming such passenger, delivered to defendant his baggage, consisting of a hand bag containing various named articles of personal apparel; that said hand bag and articles of baggage were reasonably worth $139.50; that defendant had said automobile equipped for the carrying of baggage, by having affixed and attached to the running board of said automobile a rack next to the driver's side, and that usually and customarily the baggage of passengers was placed in such rack, and that, upon his becoming a passenger, the driver of said automobile placed plaintiff's hand bag in said rack, along with other baggage therein; that thereafter and at all times said baggage was in the exclusive care, custody, and control of defendant, his agents and servants, and at no time was it in the care, custody, or control or within the view of the plaintiff; that it was the duty of defendant to deliver said hand bag to plaintiff at destination in safe and sound condition, but that, while said hand bag was in the exclusive care and control of defendant, it was partially destroyed by fire, and its contents rendered wholly worthless; that plaintiff demanded of defendant the value thereof, which defendant refused to pay; that the defendant, as such common carrier, was an insurer of said baggage, and responsible to plaintiff for the value thereof. Plaintiff further pleaded that, if he was mistaken as to defendant being an insurer of such baggage, then that through the negligence of defendant, the acts of negligence being fully pleaded, defendant was liable to plaintiff for the value of said hand bag and contents.

Defendant answered, admitting that he was the owner of, and that he operated, the jitney line, but denied liability to plaintiff for the loss of the baggage. He also pleaded contributory negligence on the part of the plaintiff in the loss of the baggage, and denied that he was liable as a common carrier.

The case was tried before the court without a jury, and judgment rendered for the defendant. From this judgment, plaintiff appealed to the county court of Kaufman county, where same was tried to a jury on one special issue, to wit, "Do you find from all the evidence before you that plaintiff's grip caught fire from a cigarette thrown out of the automobile by the driver?" to which issue the jury answered, "No," and judgment was rendered for defendant, from which judgment this writ of error is prosecuted.

The undisputed evidence shows that defendant, Riter, was the owner of and operated a jitney line between Terrell in Kaufman county to Tyler, in Smith county, using several automobiles carrying passengers for hire. He had a regular schedule, fixed charges, and accepted such passengers as applied for passage, allowing passengers to carry

with them ordinary hand baggage for which no extra charge was made. For the purpose of accommodating baggage, he had a rack attached to the left running board of the car. On the date alleged, plaintiff took passage on defendant's jitney or car (a Hudson automobile), in Mineola, for Terrell, paying the customary fare, $2, and deposited with the driver his hand bag, which was placed by the driver on the front end of the left running board or fender of the car in a rack, with and against another old paper hand bag. The curtains of the car were up, and some of the passengers were smoking cigarettes and poking the burning stubs out of the car under the curtains. Plaintiff testified that the driver was smoking, and that he poked burning cigarette stubs out on the side where the hand bags were, but this the driver denied. Dean, the driver, testified that there were five passengers, two men and a lady on the back seat, one man on the lift seat back of the driver, and that plaintiff sat with him on the right side in front. While they were traveling, a passerby called attention to the fact that the grips were burning, whereupon it was found that the old paper grip was about burned up, and the end of plaintiff's leather grip next to the paper grip was burned out and the contents of the grip anre. When the plaintiff took passage on the car, he asked the driver where to put his hand bag. The driver replied, "You can either carry it in the automobile with you, or we can carry it on the rack on the running board." Plaintiff then said, "Well, I will leave that to you," and set the hand bag down on the ground, and the driver picked it up and placed it in the rack on the front end of the running board on the left, jammed close against the old paper hand bag which belonged to another passenger. These constituted all the baggage on the car. The passenger on the lift seat to the rear of the driver was smoking, and plaintiff was smoking. It is not shown which, if either, pushed their cigarette stubs out under the curtains on the left side of the car. Plaintiff was seated on the front seat to the right of the driver.

[1-4] The first question is, Was defendant a common carrier? A common carrier is one who engages in the transportation of persons or things from place to place for hire, and who holds himself out to the public as ready and willing to serve the public, indifferently, in the particular line in which he is engaged. Cushing v. White, 101 Wash. 172, 172 P. 229, L. R. A. 1918F, 463. A common carrier is one who, by virtue of his calling and as a regular business, undertakes to transport persons or commodities from place to place, offering his services to all such as choose to employ him and pay the charges. Anderson v. Smith-Powers Logging Co., 71 Or. 276, 139 P. 736, L. R. A. 1916B, 1089. The real test of whether one is a common carrier is whether he holds himself out that he will, so long as he has room, carry for hire persons or goods brought to him for that purpose. Insurance Co. v. Easter, 189 Ala. 472, 66 So. 514, L. R. A. 1915C, 456. A common carrier of passengers is one who undertakes for hire to carry all persons, indifferently, who may apply for passage. Richmond v. Southern Pacific Co., 41 Or. 54, 67 P. 947, 57 L. R. A. 616, 93 Am. St. Rep. 694. A taxicab company, following the business of transporting persons for hire and holding itself out as ready to carry one and all indiscriminately, is a common carrier, and subject to all responsibilities as such. Van Hoeffen v. Columbia Taxicab Co., 179 Mo. App. 591, 162 S. W. 694; Cushing v. White, 101 Wash. 172, 172 P. 229, L. R. A. 1918F, 463. One maintaining an automobile for hire, at a stand where it may be found by prospective customers, is a common carrier. Cushing v. White, 101 Wash. 172, 172 P. 229, L. R. A. 1918F, 463. A common carrier is one who holds himself out to the public to carry persons or goods for hire. 10 C. J. sec. 1. The proprietor of a line of omnibusses and baggage wagons engaged in carrying for hire passengers and baggage for all persons choosing to hire, from place to place, is a common carrier. Hinchliffe v. Wenig Teaming Co., 274 Ill. 417, 113 N. E. 707. A common carrier of goods is one who undertakes for hire to transport the goods of such as choose to employ him from place to place. Story on Bailments, § 495. Without quoting other definitions, or citing other authorities, we will say that, under all the decisions, we think defendant was a common carrier.

[5-8] Defendant being a common carrier, the next inquiry is, What was his liability? The general rule is that common carriers of goods are liable as insurers, excusable for the loss of the goods only through the act of God, the public enemy, or the negligent act of the shipper. Carriers of passengers are common carriers with respect to the baggage of their passengers, and, under the general rule, the liability of a carrier for baggage intrusted to its care is the same as that of a carrier of goods—that of an insurer. Elliott on Railroads, vol. 4, § 1651; Hutchinson on Carriers, vol. 3, § 1240; Lusk v. Block, 66 Okl. 171, 168 P. 430, L. R. A. 1918C, 109. However, for this high liability to exist, it must appear that the passenger surrendered absolutely complete and exclusive possession, custody, and control of the baggage to the carrier, and, when this has not been done, the carrier cannot be held liable except for the negligence of itself or its servants. Southern Railway Co. v. Bickley, 119 Tenn. 528, 107 S. W. 680, 14 L. R. A. (N. S.) 859, 123 Am. St. Rep. 754, 14 Ann. Cas. 910; Elliott on Railroads, vol. 4, § 1654. If one taking passage on a railroad train carries his hand bag into the car with him, and places it on the seat by him, or nearby, and thus retains the entire,

or at least partial, possession and control of it, the carrier will not be responsible for its loss, unless negligence on the part of the carrier or its servants is shown. Its duty is to exercise reasonable care to protect the baggage from loss or injury. M., K. & T. Railway Co. v. Kirkpatrick (Tex. Civ. App.) 165 S. W. 500; Sperry v. Consolidated Railway Co., 79 Conn. 565, 65 A. 962, 10 L. R. A. (N. S.) 907, 118 Am. St. Rep. 169, 9 Ann. Cas. 199.

Elliott, in discussing the liability of street railways for the loss of baggage, says:

"The very nature of ordinary street railway transportation precludes the carrier from assuming control of such baggage as its passengers may bring with them into the cars, and the street railway company will not be liable for such baggage unless it binds itself by a special agreement to that effect. It is a matter of common knowledge that electric street car passenger cars are never furnished, either in the manner in which they are constructed or in the way in which they are operated, with facilities and means to enable the companies themselves to take into their custody and control the baggage of passengers. The well-known facts that there are in such cars no places for the separate storage of baggage beyond the control of its owners, and that the duties of the conductor and motorman, who are the only agents of the company upon the cars, necessarily prevent them from taking charge of the baggage, indicate that the companies do not assume the control of such baggage as passengers may bring with them into such cars. When the carrier does not take full possession of the baggage, and it remains under the control of the passenger, the former, in the absence of a special agreement, does not assume the common carrier's liability of insurer, but becomes responsible only when it is shown that the carrier has failed to exercise reasonable care to protect from loss or injury such baggage or property as the passenger has the right to bring with him into the car." Elliott on Railroads, vol. 4, § 1656A.

[9-12] This announcement of the rule as to street cars has the support of the great weight of authority. Transportation by means of jitneys is the most modern method of travel, and is fast becoming general. The decision as to which rule of liability applies to them is of considerable moment to the persons engaged in the business, as well as to the patronizing public. After much consideration, we have concluded that the rule applicable to street railways and to baggage carried into a railroad coach by the passenger is the one that should be applied to jitneys. The reasoning of Elliott, supra, as to the liability of street railways, is peculiarly appropriate and pertinent to jitneys. Every person taking passage on a jitney must know that the very nature of automobile transportation precludes the carrier from assuming exclusive control over such baggage as passengers may bring into the car. It is a matter of common knowledge that jitneys are not equipped, either in the manner in which they are constructed or the way in which they are operated, with facilities and means sufficient to enable the operator of the jitney himself to take into his custody and control the baggage of passengers. The well-known facts that there is no place for the separate storage of baggage beyond the control of its owner, as is the case of a railway with its baggage car and baggage agent, and that the duty of the driver of the car, who is the only agent of the owner of the jitney present with the car and operating it, and who must give close attention to the operation of the car for the safety of his passengers, necessarily prevents him from taking charge of the baggage, indicate that the jitney owner or driver does not assume control of the baggage of the passengers. It is a matter of common knowledge that the operators of jitneys or automobiles carrying passengers place and take care of the baggage of their passengers in the manner as was done in the instant case. So, when a passenger delivers his baggage to the agent of the carrier, the driver of the car, for the purpose of having it carried on the conveyance in accordance with the custom of the carrier, it does not necessarily become an insurer thereof. Its position becomes that of a bailee, and the law of bailments, which is the exercise of reasonable care to prevent its loss or damage, measures its obligation to the owner. The failure to exercise such care will, in the absence of contributory negligence on the part of the owner, render the carrier liable. 6 Cyc. 661; 5 R. C. L. § 795. Hutchinson on Carriers, vol. 3, § 1260, says:

"There is great force in the argument, said Willes, J., that where articles are placed, with the assent of the passenger, in the same carriage with him, and so remain in fact in his own control and possession, the wide liability of common carrier, which is founded on the bailment of goods to him, and he being intrusted with the entire possession of them, should not attach, because the reasons which are the foundation of the liability do not exist. In such cases the obligation to take reasonable care seems naturally to arise, so that when loss occurred it would fall on the company only in the case of negligence in some part of the duty which pertained to them."

See, also, sections 1261–1262.

[13, 14] It follows from what we have said that defendant's liability depends upon whether he was negligent. The court submitted the question of negligence to the jury in the following special issue:

"Do you find from all the evidence before you that the plaintiff's grip caught fire from a cigarette thrown out of the automobile by the driver?"

Plaintiff timely objected to this issue as being too restricted, and also complains because the court did not, in connection with the special issue submitted, define negligence. We think the assignment should be sustained.

The issue, as submitted, required the jury to believe that plaintiff's grip caught fire directly from a cigarette thrown out by the driver, whereas, if the paper hand bag was set on fire through the negligence of the defendant, and the fire was communicated from it to plaintiff's hand bag, then defendant would be liable; also the court should have instructed the jury as to what would constitute negligence.

For the error indicated, the judgment is reversed, and the cause remanded.