The defendants are common carriers of passengers and baggage between Willimantic, Connecticut, and Providence, Rhode Island. It is the plaintiff's claim that on *Page 476 
January 1, 1946, while being transported in an interstate bus of the defendants, she lost a piece of luggage through the alleged negligence of the defendants' driver.
Miss Stanley, accompanied by her parents, reached the Willimantic terminal of the motor line some short time before 7 p. m. on New Year's Day. She was en route to Providence. As the trip was announced to prospective travelers, the plaintiff and her father went to the waiting bus, where Mr. Stanley inquired of the driver: "What shall I do with these bags?" (indicating two suitcases belonging to his daughter). In reply, the bus operator said: "You may put them in the rack overhead" (pointing to a typical overhead rack provided by the carrier for the transportation of parcels and baggage). No charge was made for the service, nor was any receipt given for the luggage.
During the journey, Miss Stanley was seated in the rear of the bus, while the bags apparently remained on the rack toward the front of the vehicle. As the plaintiff made ready to alight at Providence, she discovered two suitcases on the overhead rack, one having been placed there by her father, and the other being strange property. She called the loss to the attention of the driver, who said: "Leave the strange bag with me and the person who took yours will undoubtedly return it." Plaintiff recovered neither the suitcase nor its contents.
To entitle the plaintiff to a judgment, it is necessary for her to show either that the defendants accepted the baggage under a contract, express or implied, to carry and deliver it as common carriers, or that the loss was due to the negligence of the defendants' driver and agent. Sperry v. Consolidated RailwayCo., 79 Conn. 565, 567.
According to the plaintiff's story every favorable interpretation, when the driver directed or suggested that the luggage be placed in a rack inside the bus in full view of Miss Stanley, not checking the suitcases or otherwise assuming complete control over them, the defendants did not become baalees for hire or otherwise. The proof goes no further than to show that the bus driver did nothing more for the plaintiff than he did for other passengers, namely, suggesting placement of luggage in an open rack. This act was merely a gesture of helpfulness; a favor not proved to have been a part of the accommodations paid for. *Page 477 
The present case is not analagous to those involving losses of property by passengers on boats or Pullman cars, where hand luggage was placed for safekeeping during the whole or a portion of a trip in the possession of and under the control of a carrier's employees. Goldstein v. Pullman Co., 220 N.Y. 549;Adams v. New Jersey Steamboat Co., 151 N.Y. 163. No bailment, custody or control has been established so that the loss of the plaintiff's bag could be fairly attributed to negligence for which the defendants would be liable. Likewise no possession so exclusive as to make the defendants an insurer has been proved. Finally, ordinary care did not require the defendant's driver to see to it that no passenger took from the bus baggage other than his own. "To so hold would be to impose upon the company the duty of seeing that no passenger left the car with any baggage except his own, which again would be virtually making the carrier an insurer, besides subjecting the passengers to a scrutiny and surveillance which the ordinary traveler would have a right to resent. We cannot think that the ordinary care exacted of the carrier requires any such officious interference as this." Springer v. Pullman Co., 234 Pa. 172, 179.
 Judgment will enter for the defendants.