Haskel Shelton McNAIR and Mattie Erlene McNair, Plaintiffs–Appellees,

v.

OWENS–CORNING FIBERGLAS CORPORATION, et al., Defendants,

The Celotex Corporation, and Raymark Industries,* Defendants–Appellants.

No. 89–1295
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1989.

---

Thomas Taylor, Donald Verplancken, Butler & Binion, Houston, Tex., for Celotex Corp. & Raymark Industries.

Charles Siegel, Baron & Budd, Dallas, Tex., for plaintiffs-appellees.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

The Celotex Corporation ("Celotex") suffered an adverse jury verdict and judgment in this products liability action decided under Texas law. On this appeal, Celotex challenges the district court's interpretation of the Texas comparative responsibility statute. We affirm.

## I.

Haskel and Mattie McNair brought suit against Celotex and twelve other defendants asserting a right to recover under negligence, breach of warranty, and strict liability theories. The McNairs alleged that each defendant was a manufacturer and/or distributor or a successor to a manufacturer and/or distributor of insulation products containing asbestos. They further alleged that Haskel had been exposed to asbestos dust from the defendants' products and as a result had developed lung disease and other physical impairment.

The case went to trial before a jury. Before the case was submitted to the jury, the McNairs reached cash settlements to-

Cir.1987), *vacated on other grounds,* —— U.S. ——, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988).

* The appeal of Raymark Industries, Inc. is held in abeyance pending disposition of its bankruptcy proceedings.

taling $53,800 with all defendants except Celotex and Raymark Industries, Inc. (Raymark). In addition to these cash settlements, the McNairs received a $3,000 note from H.K. Porter Company, Inc. and a $4,200 note from Fibreboard Corporation. Payment of these notes was made contingent on the outcome of litigation between the two defendants and their insurance carriers.

The jury returned a verdict for the McNairs and determined that they were entitled to recover compensatory damages totaling $125,000. In response to special interrogatories, the jury assigned 30% of the responsibility for the McNairs' injuries to Celotex, 10% of the responsibility to Raymark, and 60% of the responsibility to the settling defendants. The court determined that Celotex and Raymark should be jointly and severally liable for $71,200, the amount of the jury award less the amount of the cash settlements. The court assigned the Porter and Fibreboard notes to Celotex and Raymark. Because of Raymark's bankruptcy, only Celotex is pursuing this appeal.

## II.

In 1987 the Texas Legislature enacted the comprehensive comparative responsibility statute that governs plaintiffs' recovery, defendants' liability, and the handling of settlement offsets and contribution claims in all Texas products liability actions. See Tex.Civ.Prac. & Rem.Code Ann. §§ 33.001–.016 (Vernon Supp.1989).[1] Celo-

tex contends that the district court misinterpreted this statute when it determined that Celotex should be liable for damages greater than the percentage of total damages matching the percentage of responsibility the jury assigned to Celotex. Although Celotex frames its argument in terms of a contribution right, the substance of the contention is that the McNairs' recovery should have been reduced by the percentage of responsibility the jury assigned to the settling parties. We reject that contention and explain our reasons with detailed consideration of the Texas statute.

### Section 33.012—Plaintiffs' Recovery[2]

Once the trier of fact has determined the total amount of damages a claimant is entitled to recover, section 33.012 requires the court to make certain downward adjustments. First, the damages must be reduced "by a percentage equal to the claimant's percentage of responsibility."[3] § 33.012(a). Second, if the claimant has reached settlement agreements with any defendants, the damages are further reduced by either: (1) "the sum of the dollar amounts of all settlements," § 33.012(b)(1); or (2) a sliding scale percentage of the damages set by the trier of fact, § 33.012(b)(2). The defendants in each case make an election, pursuant to section 33.014, as to which settlement offset will be used.

In our case, the jury determined that $125,000 would fairly and reasonably

---

1. Unless otherwise indicated, all section references are to provisions of this statute.

2. Section 33.012 provides:
   (a) If the claimant is not barred from recovery under Section 33.001, the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of responsibility.
   (b) If the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a credit equal to one of the following, as elected in accordance with Section 33.014:
   (1) the sum of the dollar amounts of all settlements; or

(2) a dollar amount equal to the sum of the following percentages of damages found by the trier of fact:
   (A) 5 percent of those damages up to $200,000;
   (B) 10 percent of those damages from $200,001 to $400,000;
   (C) 15 percent of those damages from $400,001 to $500,000; and
   (D) 20 percent of those damages greater than $500,000.
   (c) The amount of damages recoverable by the claimant may only be reduced once by the credit provided for in Subsection (b).

3. The statute requires the trier of fact to determine each claimant's, each defendant's, and each settling person's percentage of responsibility for the claimant's injury. § 33.003.

compensate the McNairs and assigned to the McNairs 0% of the responsibility for their injuries. Celotex and Raymark elected the dollar for dollar offset of subsection 33.012(b)(1), and the district court concluded that the McNairs' recovery should be reduced by $53,800, the total amount of the cash settlements. Celotex argues that the district court should have reduced the recovery by an additional $7,200, the amount of the Porter and Fibreboard notes. We disagree. At the time judgment was entered, the McNairs were not entitled to the $7,200 because payment of the notes was (and presumably still is) contingent on the outcome of the litigation between Porter and its insurer and between Fibreboard and its insurer. If the litigation results in no additional payment being due, then the total settlement amount remains $53,800. If the litigation results in additional payments being due under either settlement agreement, the total settlement amount will increase, the defendants will have paid more than is due under section 33.012, but the defendants will be made whole when the amounts due under the notes are paid directly to the liable defendants. The district court properly determined that the McNairs' recovery under section 33.012 should be $71,200.

### Section 33.013—Defendants' Liability [4]

Subsection 33.013(a) of the statute sets forth a general rule that a defendant will be liable for damages in proportion to the percentage of responsibility the jury assigns to the defendant. This general provision focuses on the damages as found by the trier of fact and not on the damages recoverable pursuant to section 33.012. Thus, under subsection 33.013(a), Celotex would be liable for $37,500, or 30% of $125,000.

Subsections 33.013(b)–(c), however, limit the applicability of this general rule and provide that a defendant may be jointly and severally liable for additional damages. Significantly, unlike subsection 33.013(a), these provisions do focus on damages recoverable pursuant to section 33.012—in this case, $71,200.[5] The district court cor-

---

**4.** Section 33.013 provides:

(a) Except as provided in Subsections (b) and (c), a liable defendant is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the personal injury, property damage, death, or other harm for which the damages are allowed.

(b) Notwithstanding Subsection (a), each liable defendant is, in addition to his liability under Subsection (a), jointly and severally liable for the damages recoverable by the claimant under Section 33.012 with respect to a cause of action if:

(1) the percentage of responsibility attributed to the defendant is greater than 20 percent; and

(2) only for a negligence action pursuant to Section 33.001(a) or (c), the percentage of responsibility attributed to the defendant is greater than the percentage of responsibility attributed to the claimant.

(c) Notwithstanding Subsection (a), each liable defendant is, in addition to his liability under Subsection (a), jointly and severally liable for the damages recoverable by the claimant under Section 33.012 with respect to a cause of action if:

(1) no percentage of responsibility is attributed to the claimant and the percentage of responsibility attributed to the defendant is greater than 10 percent; or

(2) the claimant's personal injury, property damage, or death is caused by the depositing, discharge, or release into the environment of any hazardous or harmful substance as described in Subdivision (3); or

(3) the claimant's personal injury, property damage, or death resulted from a "toxic tort." "Toxic tort" means a cause of action in tort or for breach of implied warranty under Chapter 2, Business & Commerce Code, arising out of exposure to hazardous chemicals, hazardous wastes, hazardous hydrocarbons, similarly harmful organic or mineral substances, hazardous radiation sources, and other similarly harmful substances (which usually, but need not necessarily, arise in the work place), but not including any "drug" as defined in Section 81.001(3), Civil Practice and Remedies Code.

(d) This section does not create a cause of action.

**5.** The reference to section 33.012 is significant because it can result in liability for damages greater than the sum of defendants' individual liability under subsection 33.013(a). In this case, for example, under subsection 33.013(a) Celotex would be individually liable for $37,500 —30% of $125,000—and Raymark would be individually liable for $12,500—10% of $125,000. By referring to section 33.012, subsections 33.013(b)–(c) required the court to hold Celotex

rectly determined that Celotex should be jointly and severally liable under these provisions and entered judgment against Celotex for $71,200.

At this point we note that a plain reading of sections 33.012–33.013 compels the result reached in the district court. Section 33.012 sets forth a detailed method for determining a claimant's recovery. Section 33.013 sets forth a general rule limiting an individual defendant's liability to its percentage of responsibility for total damages, but it clearly contemplates that in some cases (the present case included) a defendant will be liable for a percentage of total damages greater than the defendant's percentage of responsibility. We next consider the statute's contribution sections to determine whether they alter these results.

*Sections 33.015–.016—Contribution Rights*

The statute provides:

§ 33.015. Contribution

(a) If a defendant who is jointly and severally liable under Section 33.013 pays a percentage of the damages for which the defendant is jointly and severally liable greater than his percentage of responsibility, that defendant has a right of contribution for the overpayment against each other liable defendant to the extent that the other liable defendant has not paid the percentage of the damages found by the trier of fact equal to that other defendant's percentage of responsibility.

(b) As among themselves, each of the defendants who is jointly and severally liable under Section 33.013 is liable for the damages recoverable by the claimant under Section 33.012 in proportion to his respective percentage of responsibility. If a defendant who is jointly and severally liable pays a larger proportion of those damages than is required by his percentage of responsibility, that defendant has a right of contribution for the overpayment against each other defendant with whom he is jointly and severally

liable under Section 33.013 to the extent that the other defendant has not paid the proportion of those damages required by that other defendant's percentage of responsibility.

(c) If for any reason a liable defendant does not pay or contribute the portion of the damages required by his percentage of responsibility, the amount of the damages not paid or contributed by that defendant shall be paid or contributed by the remaining defendants who are jointly and severally liable for those damages. The additional amount to be paid or contributed by each of the defendants who is jointly and severally liable for those damages shall be in proportion to his respective percentage of responsibility.

(d) No defendant has a right of contribution against any settling person.

§ 33.016. Claim Against Contribution Defendant

(a) In this section, "contribution defendant" means any defendant, counterdefendant, or third-party defendant from whom any party seeks contribution with respect to any portion of damages for which that party may be liable, but from whom the claimant seeks no relief at the time of submission.

(b) Each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. A party may assert this contribution right against any such person as a contribution defendant in the claimant's action.

(c) The trier of fact shall determine as a separate issue or finding of fact the percentage of responsibility with respect to each contribution defendant and these findings shall be solely for purposes of this section and Section 33.015 and not as a part of the percentages of responsibility determined under Section 33.003. Only the percentage of responsibility of each defendant and contribution defen-

jointly and severally liable for $71,200 and not $50,000—the sum of Celotex's and Raymark's

individual liability.

dant shall be included in this determination.

(d) As among liable defendants, including each defendant who is jointly and severally liable under Section 33.013, each contribution defendant's percentage of responsibility is to be included for all purposes of Section 33.015. The amount to be contributed by each contribution defendant pursuant to Section 33.015 shall be in proportion to his respective percentage of responsibility relative to the sum of percentages of responsibility of all liable defendants and liable contribution defendants.

A plain reading of these two sections suggests that they have no impact on a claimant's recovery as determined under section 33.012 or on a defendant's liability to a claimant as determined under section 33.013. Rather, the sections merely provide a procedure whereby a defendant that has paid damages in excess of its percentage of responsibility can get contribution from other liable defendants.

■ Celotex, however, argues that these provisions require a reduction in a claimant's total damages award by the percentage of responsibility that the trier of fact assigns to settling parties. According to Celotex, the contribution sections allow it to bring a cross-action against other potentially liable parties as well as parties that settle with a claimant. The trier of fact then determines the percentage of responsibility of all parties to the proceeding. To achieve contribution with respect to settling parties, the claimant's recovery is simply reduced by the percentage of responsibility assigned to settling parties.[6]

We think Celotex's argument is foreclosed by the language of these sections. Under section 33.015, a defendant may seek contribution against other "liable defendant[s]"—that is, "defendant[s] against whom a judgment can be entered for at least a portion of the damages awarded to the claimant." § 33.011(3). A party that settles with a claimant cannot be a liable defendant, because by accepting the settlement the claimant gives up the right to have a judgment for damages entered against the settling party. Moreover, the language of subsection 33.015(d) stating that "[n]o defendant has a right of contribution against any settling person" specifically precludes the procedure Celotex asserts is available. Section 33.016 does expand the class of potential parties from which a defendant may seek contribution, but the language of subsection 33.016(b), stating that "[e]ach liable defendant is entitled to contribution from each person who is not a settling person," excludes settling parties from this class.

Celotex seeks to circumvent this clear statutory language by arguing that its cross-claim makes it a "claimant" for contribution purposes, that the parties which settled with the McNairs are not settling parties with respect to Celotex, that the provisions quoted above only preclude a contribution action against a party that has previously settled a cross-action for contribution, and that the statute thus does not bar Celotex's contribution claim against the parties that settled with the McNairs. This contention is frivolous and clashes with the words and purpose of the Texas statute. Subsection 33.011(1) defines "claimant" as "a party seeking recovery of damages pursuant to the provisions of Section 33.001." Section 33.001 refers to negligence, strict liability, and warranty actions for personal injury, property damage, death, or other damages resulting directly from a tort-

---

**6.** Celotex suggests that it would be entitled to recover as contribution from the settling parties the difference between the amount paid in settlement and the percentage of the total damages award equal to the settling party's percentage of responsibility. The settling party would then be able to bring an indemnity action against the claimant to recover the amount paid as contribution. Rather than have such circuitous judgments, Celotex argues, the court should simply reduce the damages found by the trier of fact by the percentage of responsibility assigned to the settling parties.

At several points in its brief, Celotex appears to argue that the statute requires a percentage reduction *in addition* to the dollar for dollar reduction of subsection 33.012(b)(1). This approach would result in a defendant being liable for a proportion of total damages *less* than its percentage of responsibility. Such a result is contrary to both prior Texas law and the clear intent of the statute.

feasor's actions. These provisions simply cannot be read to include as "claimants" parties asserting contribution claims. Moreover, under Celotex's interpretation, it is a "defendant" for purposes of all provisions that allow for contribution claims, but it is a "claimant" for purposes of the provisions that would bar a contribution claim against a party that settles with a plaintiff. We refuse to adopt such a strained reading of the statute. Likewise, we reject for lack of any reasonable statutory basis Celotex's alternative argument that the prohibition in subsection 33.015(d) (and, presumably, in subsection 33.016(b)) is only meant to foreclose entry of a money judgment against a settling party and is not intended to preclude the accomplishment of contribution through a percentage reduction in a claimant's recovery.

## Prior Texas Law

Our interpretation of the comparative responsibility statute does reflect a change in Texas law. Nevertheless, we see strains of prior Texas law brought forward in the 1987 statute that support our construction of that statute. Prior to the adoption of the comparative responsibility statute, the handling of settlements in products liability actions depended on the particular theory on which a plaintiff prevailed. The Texas Supreme Court held that in strict liability actions a settling party's liability must be determined by the trier of fact and the settlement served as a complete discharge of a percentage of the plaintiff's recovery equal to the percentage of liability assigned to the settling party. Thus, "non-settling defendants' liability and the plaintiff's recovery [were] reduced by the percent share of causation assigned to the settling tortfeasor by the trier of fact." *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 429 (Tex.1984). In negligence cases, the handling of settlements was governed by one

of two sections in the former contributory negligence statute. One section dealt with situations in which a settling party's liability was not submitted to the jury.

> If the existence and amount of an alleged joint tort-feasor's negligence are not submitted to the jury because the tort-feasor has paid an amount in settlement to a claimant and was not joined as a party defendant or having been joined, was dismissed or nonsuited after settling, each defendant is entitled to deduct from the amount for which he is liable to the claimant a percentage of the amount of the settlement based on the ratio of the defendant's negligence to the total negligence of all defendants.

Tex.Civ.Prac. & Rem.Code Ann. § 33.014 (Vernon 1986) (amended 1987). The other section applied when a settling party's liability was submitted to the jury.

> If an alleged joint tort-feasor settles with a claimant but is joined as a party defendant when the case is submitted to the jury so that the existence and amount of his negligence are submitted to the jury and his percentage of negligence is found by the jury, the settlement is a complete release of the portion of the judgment attributable to him.

*Id.* § 33.015 (amended 1987).

The comparative responsibility statute replaced this mixture of statutory and common law to create a unified system of recovery and contribution. In drafting the statute, the legislature carried forward certain aspects of these systems. As was required under *Duncan*, the statute requires the trier of fact to determine the settling parties' percentage of responsibility.[7] Subsection 33.012(b)(1), the provision allowing a dollar for dollar reduction in a claimant's recovery, is essentially the same as section 33.014 of the former contrib-

---

7. Celotex suggests that the section requiring the trier of fact to determine the settling parties' percentage of responsibility is meaningless unless the statute requires a corresponding percentage reduction in a claimant's award. We disagree. The statute is structured such that it is necessary to get as accurate an allocation of responsibility as possible. For example, two of the provisions allowing imposition of joint and several liability are triggered by a threshold percentage of responsibility. *See* § 33.013(b)–(c)(1). A determination of settling parties' percentage of responsibility gives a more accurate allocation of responsibility and makes it less likely a particular defendant will be subject to joint and several liability under these provisions.

utory negligence statute. And the concept that a defendant should be liable only for a percentage of damages equal to the defendant's percentage of responsibility, present in some form under both *Duncan* and the contributory negligence statute, is embodied in subsection 33.013(a) of the comparative responsibility statute, though application of that provision is clearly limited by subsections 33.013(b)–(c).

The legislature could have likewise incorporated a provision requiring a reduction in a claimant's award equal to the percentage of responsibility assigned to a settling party. Such a provision could easily have been included in subsection 33.012(b), and the former contributory negligence statute (section 33.015) demonstrates that the legislature knew how to accomplish such a percentage reduction explicitly when it wanted to do so. The absence of such a provision strongly suggests that the legislature consciously decided against readoption of the percentage reduction sought by Celotex.

Neither the recovery and liability nor the contribution sections of the comparative responsibility statute appear to require a reduction in a claimant's award to account for the percentage of responsibility assigned to a settling party. Indeed, imposition of such a reduction scheme would clearly alter the straightforward calculation of a claimant's recovery under section 33.012. We do not think the legislature would attempt to accomplish implicitly that which it could have done, and knew how to do, in the recovery provisions.

AFFIRMED.