**Glenna HARPER, and Thomas B. Harper, Plaintiffs–Appellees,**

v.

**AGENCY RENT–A–CAR, INC., Defendant–Third Party Plaintiff–Appellant,**

v.

**Douglas KIRKHAM, Third Party Defendant–Appellant.**

No. 89–2738.

United States Court of Appeals, Fifth Circuit.

June 26, 1990.

Rehearing Denied July 23, 1990.

John M. Smith, Bruce A. Smith, Harbour, Kenley, Boyland, Smith & Harris, Longview, Tex., for Douglas Kirkham.

Kevin J. Cook, Dehay & Blanchard, Dallas, Tex., for Agency Rent–A–Car, Inc.

Mark F. McMahon, Blake C. Erskine, Erskine, McMahon & Stroup, Longview, Tex., for Glenna and Thomas B. Harper.

Before GOLDBERG, GEE and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellee Glenna Harper sued appellant Agency Rent–A–Car, Inc. ("Agency") for injuries she sustained in an automobile accident while a passenger in a car driven by an employee of Agency. The employee was giving Harper and her daughter a courtesy ride to pick up a rental car in another town. At trial, applying a high standard of care to Agency as a "common carrier", the jury found Agency and Harper each 50% negligent. The court entered judgment against Agency in favor of Harper for 50% of Harper's injuries. We find that Agency is not a common carrier, and since only common carriers can be held to the higher standard of care in Texas, we reverse.

## I.

Fannie Harper arranged to rent a car from appellant Agency Rent–A–Car in Longview, Texas. Accompanied by her mother, appellee Glenna Harper, she went to pick up the car. When the two women arrived, however, the rental company informed them that the car was not yet available, but still had to be transferred from Marshall, Texas, approximately 25 miles away. The company arranged for one of its employees, Terry Hudson, to drive to Marshall and tow the rental car back to Longview. But the Harpers were given the option of joining Hudson on his journey to Marshall and picking up the car there. The Harpers chose to accompany Hudson to Marshall.

Hudson drove the car. Fannie Harper sat in the right front seat. Glenna Harper sat in the back seat. She did not fasten the available seatbelt. On the way to Marshall, the Agency car collided with a car driven by Douglas Kirkham. Appellee Glenna Harper was thrown into the front seat of the car and was injured.

Glenna Harper, and her husband Thomas Harper, filed this diversity suit in federal district court against Agency to recover damages for the personal injuries sustained by Glenna Harper in the accident. They did not sue Kirkham. Agency subsequently filed a third-party complaint against Kirkham seeking contribution.

At trial, the court instructed the jury that Agency could be found negligent if it failed to use a "high degree of care", the duty of care generally applicable to common carriers. Additionally, the jury received two separate interrogatories on the issue of comparative fault and contribution. In the first interrogatory, it was asked to apportion fault between Glenna Harper and Agency. In response, the jury determined that Mrs. Harper and Agency each were 50% negligent in causing her injuries. In the second interrogatory, the jury was asked to apportion fault between Kirkham and Agency, for purposes of Agency's contribution claim against Kirkham. The jury found that Agency was 2% negligent, while Kirkham was 98% negligent. Accordingly, the court entered judgment in favor of Harper against Agency for 50% of her damages, and in favor of Agency against Kirkham for 98% contribution. Agency appeals the judgment against Agency awarding Harper 50% of her damages.

## II.

Agency contends that the district court committed reversible error in its instruction to the jury on the duty of care. The district court determined that Agency acted as a common carrier in transporting the Harpers to Marshall. It instructed the jury that Agency was to be held to a "high standard of care", the standard applicable to common carriers, rather than an ordinary standard of care. Agency argues that it cannot be considered a common carrier under any definition, and therefore can only be held to an ordinary standard of care. Further, it urges that the error was not harmless, because the jury easily could have made its determination of 50% responsibility based upon the high standard to which Agency was held.

"A common carrier is one who engages in the transportation of persons or things from place to place for hire, and who holds himself out to the public as ready and willing to serve the public indifferently, in the particular in which he is engaged." *Burnett v. Riter*, 276 S.W. 347, 349 (Tex. Civ.App.1925). "The real test of whether one is a common carrier is whether he holds himself out that he will, so long as he has room, carry for hire persons or goods brought to him for that purpose." *Burnett v. Riter, supra*, 276 S.W. at 349; *see also Florida Power & Light Co. v. FERC*, 660 F.2d 668, 674 (5th Cir.1981) (the controlling factor in determining common carrier status is the public profession or holding out that one will, with indifference, transport members of the general public); *Semon v. Royal Indemnity Co.*, 279 F.2d 737, 739 (5th Cir.1960) ("There are many ways to say it, but none is better than the familiar one that 'the distinctive characteristic of a common carrier is that he undertakes to carry for all people indifferently' ". (citations omitted)).

By no stretch of the imagination or of the law can Agency be considered a common carrier. Agency was not in the business of regularly transporting passengers or things. It strictly engaged in the business of renting cars for others to operate. In this instance, the company merely offered its customer the courtesy of a ride on this isolated and special occasion in order to enable the Harpers to obtain the rental car sooner. It did not charge Fannie Harper or her mother for the favor. In short, Agency did not carry the Harpers for hire. Under these facts, Agency cannot be considered a common carrier. *See Howell v. City Towing Associates, Inc.*, 717 S.W.2d 729, 732–34 (Tex.App.1986) (wrecker service towing plaintiff's car did not owe a high duty of care to customer who was given a ride in the wrecker).

Appellee contends that Agency qualifies as a common carrier under *Bower Auto Rent Co. v. Young*, 274 S.W. 295 (Tex.Civ. App.1925). *Bower*, however, is readily distinguishable from the present case. The defendant in *Bower* was engaged in the business of carrying for hire, in cars *controlled by regular drivers*, all persons applying for the service. *Id.* at 297. In other words, the carriage service was akin to a limousine or taxi service. To the contrary, Agency did not employ regular drivers to drive the rental cars, nor did it regularly provide customers transportation to the rental cars. It merely sought to accommodate a particular customer's needs.

■ Appellees alternatively urge that, regardless of whether Agency is a common carrier, public policy concerns mandate imposing the higher standard of care on Agency. We reject the argument, relying upon the Texas Supreme Court opinion in *Mount Pleasant Independent School District v. Estate of Lindburg*, 766 S.W.2d 208 (Tex.1989). In *Mount Pleasant*, the court addressed the standard of care applicable to the operation of school buses. The Texas Court of Appeals had admitted that the school district was not a common carrier, but nonetheless had held the school bus operators to the higher standard usually reserved for common carriers. The Texas Supreme Court reversed and held that the school bus operators could only be held to an ordinary standard of care. "The only Texas cases imposing a higher standard of care on a motor vehicle operator involve common carriers, and because the school district is not a common carrier, we do not hold it to that standard." *Id.* at 212. It considered and rejected the argument advanced by the court of appeals that public policy reasons supported the application of the higher standard. Instead, it explicitly and deliberately reaffirmed and retained the traditional private carrier/common carrier distinction. *Id.* at 212–13. We follow this established state law. The district court erred in imposing on Agency the higher standard of care applicable to common carriers.

■ Appellees argue that any error in the district court's instruction was harmless. It is clear, however, that the jury could well have been influenced by the imposition of the erroneous standard to raise the percentage of fault attributable to Agency. Even under the improperly high

standard, the jury found that Agency shared only 50% of the negligence with Glenna Harper. A finding of only one percentage point less negligence by Agency under the correct standard would alter the liabilities in this case, since Glenna Harper could recover only if her percentage of responsibility was less than or equal to 50 percent. Tex.Civ.Prac. & Rem.Code Ann. § 33.001 (Vernon Supp.1989). We therefore must conclude that the district court committed reversible error when it instructed the jury to apply the higher standard of care in determining the negligence of Agency. *See Brooks v. Great Lakes Dredge-Dock Co.*, 754 F.2d 536, 538–39 (5th Cir.1984) (erroneous instruction that Jones Act seaman was required to use ordinary care instead of slight care was not harmless since issue of contributory negligence was critical to the case).

### III.

Appellant also raises an issue regarding the proper interpretation of the Texas Civil Practice and Remedies Code §§ 33.001–.016 (the Tort Reform Act), which provides the applicable law on comparative negligence and contribution, and the proper submission of these charges to the jury. As we dispose of this appeal on the basis of the erroneous instruction on standard of care, however, we need not reach nor attempt to settle this far more complex question. As yet, few, if any, cases have addressed the issue. We note, however, that the district court's treatment of the provisions apparently comports with the views of the majority of commentators. *See, e.g.,* Watson, Comparative Responsibility Under the New Civil Justice Legislation, 51 Tex.Bar J. 688, 691–92 (1988); *see generally McNair v. Owens-Corning Fiberglas Corp.,* 890 F.2d 753 (5th Cir.1989) (addressing the Texas Tort Reform Act in general, and the treatment of settling defendants with respect to the contribution provisions in particular).

### IV.

The district court erred in instructing the jury to apply the high standard of care normally reserved for common carriers to

Agency Rent–A–Car which is not a common carrier. The error was not harmless. We reverse the judgment of the district court and remand for a new trial in accordance with this opinion.

REVERSED and REMANDED.