Robert **KIRBY**, Appellant,

v.

**AMERIGAS, INC.**, Appellee.

No. C14–94–00002–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1994.

Rehearing Overruled Feb. 16, 1995.

Kerry L. Neves, Galveston, for appellant

F. Richard Leach, Houston, for appellee.

Before SEARS, DRAUGHN and BARRON, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Robert Kirby [Kirby], appeals the trial court's method of calculating the liability of appellee, Amerigas, Inc. [Amerigas], under co-defendant contribution laws. In a single point of error, appellant complains that the trial court erred in entering judgment against appellee for only 19% of the damages. We affirm.

Kirby filed his original petition against Amerigas Industrial Gas Division, Tri–Gas, Inc. [Tri–Gas], and Amerigas. Amerigas Industrial Gas Division and Tri–Gas were subsequently nonsuited. Amerigas filed third party petitions for contribution against Lyondell Petrochemical Company [Lyondell] and Victor Equipment Company. Kirby reached a settlement agreement for $20,000 with Lyondell. Summary judgment was granted in favor of Victor Equipment Company. The jury returned a verdict for $389,896 in total damages and allocated responsibility as follows:

| | |
|---|---|
| Appellant [Kirby] | 1% |
| Appellee [Amerigas] | 19% |
| Lyondell Petrochemical Company | 80% |

Kirby argues that since he settled with Lyondell, Lyondell's percentage of fault should be disregarded and Amerigas should be liable for 95% (19/20) of the total judgment, instead of the 19% awarded by the trial court. We disagree.

The general rule clearly limits an individual defendant's liability to its percentage of responsibility for total damages. TEX.CIV. PRAC. & REM.CODE ANN. § 33.013(a) (Vernon Supp.1994). However, in some cases, such as joint and several liability, a defendant will be liable for a percentage of total damages greater than the defendant's percentage of responsibility. TEX.CIV.PRAC. & REM.CODE ANN. § 33.013(b) & (c) (Vernon Supp.1994); *McNair v. Owens–Corning Fiberglas Corp.,* 890 F.2d 753, 757 (5th Cir.1989). Joint and several liability does not apply in this case, under these latter sections, because Amerigas' percentage of responsibility of 19% found by the jury simply does not meet the threshold statutory requirement that it's percentage of responsibility must be greater than 20%. TEX.CIV.PRAC. & REM.CODE ANN. § 33.013(b)(1) (Vernon Supp.1994).

The mere presence of a settling person will not increase another defendant's liability above his percentage of responsibility. A settlement cannot increase the liability of appellee, beyond that percentage found by the jury which, as stated, falls below the applicable statutory threshold for joint and several liability. *C & H Nationwide, Inc. v. Thompson,* 37 Tex.Sup.Ct.J. 1059, 1063, 1063 n. 4 & 1064, 1994 WL 278167 (June 22, 1994). We are not here concerned with the rights of Kirby and Lyondell, as between each other. Such rights are defined by their agreement; and Amerigas' liability is defined by statute. *Id.* Simply stated, appellee is liable only for the percentage of damages equal to the percentage of responsibility found by the trier of fact, to wit, 19% of total damages found by the jury.

We affirm the judgment of the trial court.